In re PHILADELPHIA GOLD
CORPORATION, Debtor.

PHILADELPHIA GOLD
CORPORATION,
Plaintiff,

v.

William FAUZIO and Morris &
Adelman, P.C., Defendants.

Bankruptcy No. 85–03505G.
Adv. No. 85–0996G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 12, 1985.

Albert C. Ciardi, Jr., David S. Fishbone, Ciardi, Fishbone and DiDonato, Philadelphia, Pa., for debtor/plaintiff, Philadelphia Gold Corp.

Robert I. Morris, David R. Dearden, Morris & Adelman, P.C., Philadelphia, Pa., for defendants, William Fauzio and Morris & Adelman.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

In this case we are confronted with two predominant issues, the first of which is whether we should permanently enjoin a creditor of both the debtor and one of the debtor's principals from pursuing in federal district court a civil action against the principal. The second issue is whether a debtor in a civil action pending in the United States District Court may remove that action to the bankruptcy court. On the first issue we conclude that the creditor should not be enjoined, while on the second issue we hold that removal may be effected.

We summarize the facts of this dispute as follows:[1] Prior to the intervention of bankruptcy, William Fauzio filed suit in the United States District Court for the Eastern District of Pennsylvania against Philadelphia Gold Corporation ("the debtor") and James A. Peruto ("Peruto") who is a major shareholder and the chief operating officer of the debtor. The gist of the complaint is that the debtor and Peruto deceitfully inveigled Fauzio to lend money to them. Fauzio is currently owed approximately $116,000.00 by the debtor and $198,-000.00 by Peruto.

In August of 1985, an involuntary petition for relief under chapter 7 of the Bankruptcy Code ("the Code") was filed against the debtor, although one month later the debtor converted the proceeding to a chapter 11 case. On the filing of the petition Fauzio informed the district court of the filing and ceased further proceedings in that court against the debtor, although Fauzio did continue prosecuting the action against Peruto.

In this court the debtor filed an application for removal and moved for a preliminary injunction barring Fauzio and his law firm, Morris & Adelman, P.C., from continuing the law suit against the debtor and Peruto. We granted a preliminary injunction and withheld for later decision, which we resolve here, the questions of (1) whether we should grant a permanent injunction or dissolve the preliminary injunction and (2) whether we should remand the civil action to the district court.

In support of the injunction the debtor asserts that a continuation of the litigation against Peruto will thwart or disrupt the administration of the reorganization proceeding in that it will divert Peruto's time and attention from reorganizing, to the civil action. Furthermore, the debtor contends that since it is not creditworthy, an infusion of funds necessary to fuel the reorganization must be predicated on Peruto's personal borrowing power. With the uncertainty of the district court litigation hanging over Peruto like the Sword of Damocles, the debtor posits that no bank would lend Peruto the required funds to implement the debtor's reorganization.

The first point for consideration is whether the civil action pending in the district court at the time of the filing of a petition in bankruptcy may be removed to the bankruptcy court. Fauzio asserts that removal of an action from the district court to the bankruptcy court was previously possible, but that that form of removal is now precluded by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Act").

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

The removal provision, as effected by the Bankruptcy Act of 1978 ("the 1978 Act"), Pub.L. No. 95–598 (1978), provided that:

§ 1478. Removal to the bankruptcy court

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, *to the bankruptcy court* for the district where such civil action is pending, if the *bankruptcy courts* have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

28 U.S.C. § 1478 (1982) (repealed) (emphasis added). Under the 1984 Act, § 1478 was repealed and replaced by 28 U.S.C.A. § 1452 (West 1985 Supp.):

§ 1452. Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, *to the district court* for the district where such civil action is pending, if such *district court* has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C.A. § 1452 (West 1985 Supp.) (emphasis added). In dispute, is the change from the use of the term "bankruptcy court" in § 1478 of the 1978 Act to the term "district court" in § 1452 of the 1984 Act. A review of the various bankruptcy statutes is necessary to a resolution of the controversy.

Under the Bankruptcy Act of 1898 ("the 1898 Act") the jurisdiction of the bankruptcy court was derived solely through the district court. 28 U.S.C. § 1334 (1976) (repealed). This differed from the structure established by the 1978 Act by which bankruptcy courts were created as entities separate and independent of the United States District Courts. The bankruptcy courts were directly vested by Congress with all the requisite jurisdiction to execute their specified tasks. 28 U.S.C. § 1471 (1982) (repealed). Nonetheless, the breadth of the jurisdiction directly vested in the bankruptcy courts under the 1978 Act was found unconstitutionally broad by the Supreme Court. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Congress eventually revamped the jurisdictional scheme to correct the deficiency in the 1984 Act. Harkening back to the 1898 Act, the jurisdiction accorded the bankruptcy courts is again derived through the district courts. 28 U.S.C.A. §§ 1334, 157 and 158 (West 1985 Supp.). The bankruptcy court has been stripped of its status as an independent court and designated as "a unit of the district court to be known as the bankruptcy court...." 28 U.S.C.A. § 151 (West 1985 Supp.). The upshot of this is that while chapter 90 of title 28 of the United States Code, dealing *inter alia* with venue, *removal* and jury trials, under the 1978 Act, spoke of "the bankruptcy court," the substance of this chapter was repealed by the 1984 Act and replaced by chapter 87 of title 28 of the United States Code, which chapter speaks of "the district court" rather than "the bankruptcy court." Nonetheless, the reference to the district court in chapter 87 of the 1984 Act is deemed to denote the bankruptcy court when read in light of the referral provisions under 28 U.S.C.A. § 157 (West 1985 Supp.). Thus, the replacement by the 1984 Act of the term "bankruptcy

**90**

court" in 28 U.S.C. § 1478 of the 1978 Act with the expression "district court" in 28 U.S.C.A. § 1452 (West 1985 Supp.) effected no substantive change. Ergo, a civil action pending in the district court may be removed to the bankruptcy court by the filing of a timely application for removal under 28 U.S.C.A. § 1452 (West 1985 Supp.).

■ Bankruptcy Rule 9027[2] governs the procedure for removal. The timely filing of an application for removal with the bankruptcy court, plus the filing of a copy of the removal application with the clerk of the court from which the action is removed, effects removal automatically, without the need for a court order. Bankruptcy Rule 9027(d); cf., *Medrano v. Texas,* 580 F.2d 803 (5th Cir.1978) (removal of state court action to federal district court). A party wishing to have the case returned to the court of origin must file a motion for remand.

■ Having decided that the civil action was properly removed to this court, we must determine whether to remand the matter or issue a permanent injunction against the continuation of the suit. On the matter of injunctive relief, the parties are in apparent accord in believing that the automatic stay of 11 U.S.C. § 362(a) bars only actions against the debtor, the bankruptcy estate and the debtor's property. *Nevada National Bank v. Casgul of Nevada, Inc. (In Re Casgul of Nevada, Inc.),* 22 B.R. 65, 66 (Bankr. 9th Cir.1982). Actions against principals of the debtor, guarantors or co-defendants are not barred by the automatic stay of § 362(a).[3] *Pitts v. Unarco Ind., Inc.,* 698 F.2d 313 (7th Cir.1983), *cert.*

*den.,* 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698; *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983); *Williford v. Armstrong World Ind., Inc.,* 715 F.2d 124 (4th Cir.1983). *In Re Anje Jewelry Co., Inc.,* 47 B.R. 485 (Bank.E.D.N. Y.1983) (suit not barred against principals of a debtor corporation even though action was also against the debtor corporation although the corporation was a co-defendant); *In Re Trails End Lodge, Inc.,* 45 B.R. 597 (Bankr.D.Ver.1984).

The legislative history of § 362(a) indicates that the bankruptcy court may augment the automatic stay through 11 U.S.C. § 105(a) (1982) as well as through any of the traditional injunctive powers of a court of equity. S.Rep. No. 95–989, 95th Cong., 2d Sess. 51 (1978), 1978 U.S.Code Cong. & Ad.News 5787, 5837. The court's affirmative issuance of a stay is governed by the usual rules governing injunctions. *Id.*

■ As stated above, the debtor asserts that the continuation of the law suit against Peruto would (1) divert Peruto from reorganizing the debtor to litigating a law suit; and (2) render Peruto unable to obtain financing to fund the debtor's plan of reorganization. On the first point, an injunction may properly be issued if litigation against the principals of a corporate debtor would frustrate reorganization through diversion of corporate manpower into the defense of the principal's law suit. *Johns-Manville Corp. v. Asbestos Litigation Group (In Re Johns-Manville Corp.),* 40 B.R. 219 (S.D.N.Y.1984). In the case at bench the debtor failed to prove that the continuation of the law suit would divert Peruto's talents to such an extent that

---

**2.** Removal

(a) Application

(1) Where Filed; Form and Content. An application for removal shall be filed in the bankruptcy court for the district and division within which is located the state or federal court where the civil action is pending. The application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.

\* \* \* \* \* \*

(d) Filing in Non-Bankruptcy Court. Removal of the claim or cause of action is effected

on the filing of a copy of the removal application with the clerk of the court from which the claim or cause of action is removed. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

\* \* \* \* \* \*

Bankruptcy Rule 9027 (in part).

**3.** In a chapter 13 case, actions against a co-debtor are stayed under certain circumstances. 11 U.S.C. § 1301 (1982).

reorganization would be thwarted. Thus, the debtor's first basis for a permanent injunction is without merit.

■ In reiteration, the debtor's second basis for the issuance of the injunction is that the pendency of the law suit against Peruto would preclude him from obtaining financing to fund the debtor's plan of reorganization. At first blush the debtor's position appears to have some merit, and in fact one bankruptcy court has adopted the stance advocated by the debtor. *Lahman Mfg. Co., Inc. v. First National Bank of Aberdeen (In Re Lahman Mfg. Co., Inc.)*, 33 B.R. 681 (Bankr.D.S.D.1983).

If we accept the debtor's averments as true, the debtor will be unable to obtain financing for reorganization unless the law suit against Peruto is enjoined. Stripped to its essence, the underlying proposition urged by the debtor is that if a reorganization will fail but for the issuance of an injunction, then an injunction should be issued. The position advanced by the debtor may be couched in even broader terms in that injunctive relief should be granted in favor of anyone who would otherwise be barred from substantially aiding the debtor's reorganization. These concepts, of course, are much too broad for practicability, and for this reason we will deny the motion for a permanent injunction and dissolve the preliminary injunction. Since the complaint removed to this court is essentially a state court action for tort, we will remand the action to the district court since that court clearly has jurisdiction to hear the matter, although our jurisdiction is less certain. We will accordingly enter an order implementing these measures.