**MATV–CABLE SATELLITE, INC., a Florida Corporation, Plaintiff,**

v.

**PHOENIX LEASING, INCORPORATED, a California Corporation, Defendant.**

**Adv. No. 93–0118–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

July 9, 1993.

Robert A. Solove, Solove & Solove, P.A., Miami, FL, for MATV.

David M. Wiseblood, Frandzel & Share, San Francisco, CA, Lawrence Gordich, Ruden, Barnett, McClosky, Smith, Schuster & Russell, Miami, FL, for Phoenix Leasing Inc.

### ORDER

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE was heard April 20, 1993 upon the April 15, 1993 Order Setting Additional Argument to determine whether to strike a notice of removal, or consider a notice of removal and transfer venue, or remand this case to the District Court.[1]

---

1. On March 24, 1993 and February 24, 1993, the Court also heard the parties' arguments with regard to these issues raised by their motions.

### The Problem

A creditor in a bankruptcy case pending in Maine filed suit against another creditor in the Maine bankruptcy. The suit was filed in the District Court in the Southern District of Florida. The Defendant removed the case from the District Court to the Bankruptcy Court of the Southern District and requested that it be sent by change of venue to the bankruptcy court in Maine. The Plaintiff moved to strike the removal on the theory that a removal from a district court to a bankruptcy court is improper. A number of intervening questions are presented:

1) May a case be removed from a district court to a bankruptcy court?

2) Should a diversity case removed from district court to bankruptcy court, involving only non-debtor entities, remain in the bankruptcy court or should it be remanded to the district court?

3) Upon removal of such a diversity case, should venue be changed to a bankruptcy court out of the district for that bankruptcy court to decide whether or not to remand or should the bankruptcy court to which the case was removed decide the remand?

### Background

On August 8, 1992, Merlin Cable Partners ("Merlin") filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Maine (case no. 91–20826). MATV–Cable Satellite, Inc. ("MATV") and Phoenix Leasing Incorporated ("Phoenix") are creditors in the ongoing Maine bankruptcy case. On January 20, 1993, MATV filed a complaint in the United States District Court for the Southern District of Florida against Phoenix for an alleged breach of contract (case no. 93–0099). The Florida District Court Complaint alleges jurisdiction pursuant to 28 U.S.C. § 1332(a) based upon diversity of citizenship and the amount sought.

MATV filed a motion to strike Phoenix's notice of removal. Phoenix filed a motion to transfer venue.

On February 9, 1993, Phoenix filed, in this Court pursuant to Fed.R.Bankr.P. 9027, a Notice of Removal of Action and the instant Motion to Change Venue to the Maine Bankruptcy Court. Phoenix alleges that this action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), (L) and (*O*).

On February 22, 1993, MATV filed a Motion to Strike Phoenix's Notice of Removal and to Dismiss the Pending Southern District Bankruptcy Case for Lack of Jurisdiction; and Demand for Sanctions. It is inappropriate to determine Phoenix's Motion to Change Venue to the Maine Bankruptcy Court until it is determined whether the Florida District Court action has, in fact, been removed or otherwise referred to this Court.[2]

### Relevant Statutes and Rules

28 U.S.C. § 1452 ("Removal of claims related to bankruptcy cases") provides, in part:[3]

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 151 ("Designation of bankruptcy courts") provides, in part:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district.

28 U.S.C. § 157 ("Procedures") provides, in part:

(a) Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 1332 provides, in part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different States.

28 U.S.C. § 1334 provides, in part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Federal Rule of Bankruptcy Procedure 9027 ("Removal") provides, in part:

**(a) Notice of Removal.**

(1) A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core ...

**(c) Filing in Non–Bankruptcy Court.** Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or

---

**2.** Phoenix urges this Court to transfer venue and not to decide MATV's Motion to Strike Notice of Removal. This Court cannot do this since MATV's Motion to Strike Notice of Removal questions whether this action is properly before this Court and, thus, its jurisdiction. However, this Court does note, upon a cursory examination of Phoenix's Motion to Change Venue, that its arguments are persuasive and that MATV has not responded to the merits of this motion.

**3.** This section of 28 U.S.C. is located in Chapter 89 entitled "District Courts; Removal of Cases from State Courts".

cause of action is effected on such filing of a copy of the notice of removal.

### (e) Procedure After Removal.

(1) After removal of a claim or cause of action to a district court the district court or, if the case under the Code has been referred to the bankruptcy judge of the district, the bankruptcy judge ...

### Legal Analysis

Neither MATV nor Phoenix want the merits of this action decided by this Court. It is requested that this Court be a mere conduit. Typically, 28 U.S.C. § 1452 and Fed.R.Bankr.P. 9027 are used to remove a state court action to the local federal district court which, pursuant to 28 U.S.C. § 157(a) and Fed.R.Bankr.P. 9027(e), automatically refers the action to the local bankruptcy court. Here, Phoenix has attempted to "remove" an action commenced in a federal district court to the local bankruptcy court. There is little case law on the propriety of Phoenix's attempted removal. Moreover, this case law is of limited guidance due to a combination of incomplete analyses and the many recent revisions to 28 U.S.C. § 1452 and Fed. R.Bankr.P. 9027 which render much of its analysis inapplicable. *See, e.g., In re Croley*, 121 B.R. 412 (Bankr.D.C.1990) (*cannot remove an action pending before federal district court to the local bankruptcy court—proper procedure is to obtain a specific order of reference from the district court*); *Thomas Steel Corp. v. Bethlehem Rebar Indus.*, 101 B.R. 16 (Bankr.N.D.Ill. 1989) (same); *Helena Chemical Co. v. Manley*, 47 B.R. 72 (Bankr.N.D.Miss.1985) (same). *Cf. In re Philadelphia Gold Corp.*, 56 B.R. 87 (Bankr.E.D.Pa.1985) (*can remove an action pending before federal district court to the local bankruptcy court*).

Can a diversity case pending in a district court be removed to the local bankruptcy court pursuant the plain meaning of 28 U.S.C. § 1452 and Fed.R.Bankr.P. 9027? This statute and rule speak of removal "to the district court." It can be argued that the term "district court" may be read as "bankruptcy court", since the latter is a unit of the former pursuant to 28 U.S.C. § 151. Do Congress and the Supreme Court know how to distinguish between these two terms? [4] *See, e.g.*, 28 U.S.C. §§ 151 & 157(a); Fed.R.Bankr.P. 9027(e). Neither Congress nor the Supreme Court have seen fit, as Congress had in the past,[5] to provide for removal "to the bankruptcy court" or "to the bankruptcy court as a unit of the district court."

Congress and the Supreme Court, at times, distinguish between the terms "district court" and "bankruptcy court". They also distinguish between the terms "removal" and "referral." *See* 28 U.S.C. §§ 1452 & 157(a); Fed.R.Bankr.P. 9027(e). Congress and the Supreme Court speak of removal to the district court and referral to the bankruptcy court. *Id.* Generally, the way to transfer (in the loose sense of the word) a case from a non-bankruptcy court to the local district court is by removal and the way to transfer a case from a district court to the local bankruptcy court is by referral, be it by the general order or by a specific order. However, the argument could be made that since Fed.R.Bankr.P. 9027(a)(1) speaks of removal from "the state *or federal court* where the civil action is pending" (emphasis added) that removal from the district court to the local bankruptcy court is specifically authorized.

Following the enactment of BAFJA, the District Court for the Southern District of Florida has had in place an order of reference relative to bankruptcy proceedings dated July 11, 1984 which states:

> *ies v. Ergas,* Case No. 90–1606–CIV–HOEVELER (S.D.Fla.), which was denied removal by District Judge Hoeveler.

---

**4.** Further confusion arises from the unreported cases of *Western Group Nurseries, Inc. v. Leemon,* Case No. 92–0822–BKC–SMW (Bankr. S.D.Fla.), which was removed from the District Court for the Southern District of Florida to the Bankruptcy Court for the Southern District of Florida (and later remanded) in December 1992 and its companion case, *Western Group Nurser-*

**5.** The predecessor to 28 U.S.C. § 1452, 28 U.S.C. § 1478, spoke of removal "to the bankruptcy court."

Effective upon the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and pursuant to § 104 of that Act, it is hereby

ORDERED that any and all cases arising under Title 11 and any or all proceedings arising in or related to a case under Title 11 shall be referred to the Bankruptcy Judges for the District.

This reference is subject to reconsideration and further order of this Court at any time and without notice.

Now this order seems to solve all the problems. If bankruptcy related cases were like dairy cows and each evening at sundown, they walked to their appropriate barns, there would be no problem. But bankruptcy related cases filed in the district court do not walk home each night.[6] How do they get to the bankruptcy court? Removal is one way. A motion to refer or to implement the existing referral is another. The advantage of removal is that the case moves to bankruptcy court within a few days of the filing for removal under F.R.Bankr.P. 9027. The disadvantage of filing a motion to refer or to implement referral in the district court is that our district judges are hugely overburdened, primarily by their criminal cases, which are under intense time constraints and which do not permit the assignment of the priority to bankruptcy related cases that the bankruptcy litigants might like.

■■■ From a practical point of view, we are falling into that trap that former Judge Dean Gandy liked so much to speak about—spending more time arguing about where to try a case than in trying the case.

---

**6.** As stated above, MATV's Complaint filed in the district court alleges jurisdiction pursuant to

From the point of view of getting our work done, it seems more important that we decide where the case should be handled than whether it is laid before us as a removal or a referral. Thus, pragmatism dictates that the case has been properly removed and the notice of removal will not be stricken. Moreover, since neither party wants the merits of this case tried by this Court and since this Court refuses to act as a mere conduit, venue will not be transferred to the Maine Bankruptcy Court. Accordingly, it is

**ORDERED** that

1) the case has been properly removed from the United States District Court for the Southern District of Florida to this Court;

2) the notice of removal will not be stricken and the motion of MATV–Cable Satellite, Inc. to strike is denied;

3) venue will not be transferred from this Court to the United States Bankruptcy Court for the District of Maine and the motion of Phoenix Leasing Incorporated to transfer venue is denied;

4) the case shall be remanded to the United States District Court for the Southern District of Florida.

**DONE AND ORDERED.**