FILED

AUG 18 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

In re:                              )    BAP No.  CC-16-1288-LTaKu
                                    )
MALCOLM CURTIS and JUDITH           )    Bk. No.  6:16-bk-15373-SY
CURTIS,                             )
                                    )    Adv. No. 6:16-ap-01159-SY
            Debtors.                )
_____)
                                    )
MALCOLM CURTIS; JUDITH CURTIS,)
                                    )
            Appellants,             )
                                    )
v.                                  )    **O P I N I O N**
                                    )
NATASHA SHPAK,                      )
                                    )
            Appellee.               )
_____)


Argued and Submitted on June 22, 2017
at Pasadena, California

Filed - August 18, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott Ho Yun, Bankruptcy Judge, Presiding

_____

Appearance:     Rebekah L. Parker of the Law Office of Rebekah L.
                Parker argued for Appellants Malcolm Curtis and
                Judith Curtis.

_____

Before:  LAFFERTY, TAYLOR, and KURTZ, Bankruptcy Judges.

LAFFERTY, Bankruptcy Judge:

In this case, the bankruptcy court granted Appellee's motion to strike a notice of removal attempting to transfer a lawsuit pending in the U.S. District Court for the Eastern District of New York to the Bankruptcy Court for the Central District of California.

This appeal presents the question whether 28 U.S.C. § 1452 authorizes removal of a case from a federal district court to a bankruptcy court. We conclude it does not, based on the plain language of the statute. More fundamentally, we conclude that to interpret the statute otherwise would unconstitutionally undermine the district courts' referral power under 28 U.S.C. § 157(a), which was enacted by Congress in 1984 in response to the Supreme Court's holding in <u>Northern Pipeline Construction Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982). Accordingly, we AFFIRM.

## FACTS

Pre-petition, Malcolm and Judith Curtis and related entities were defendants in a lawsuit filed in 2010 in the U.S. District Court for the Eastern District of New York by Appellee Natasha Shpak and her parents (the "EDNY Lawsuit"). In the EDNY Lawsuit, plaintiffs sought damages of $500,000 for (1) violation of "civil rights law section 80(b)"; (2) breach of contract; (3) fraud - conspiracy; (4) breach of fiduciary duty; (5) unjust enrichment; (6) conversion/replevin; (7) conversion; (8) aiding and abetting breach of fiduciary duty; (9) actual fraudulent conveyance; and (10) constructive fraudulent conveyance, all

-2-

based on the Curtises' and their son's alleged fraudulent scheme to deprive plaintiffs of valuable restaurant equipment. A jury trial was scheduled in the EDNY Lawsuit for June 20, 2016, but, after defendants' counsel passed away, the court struck the trial date to give defendants time to obtain new counsel.

On June 15, 2016, before a new trial date could be set, the Curtises filed a chapter 11[1] petition in the Bankruptcy Court for the Central District of California. A few days later, they filed a notice of removal of the EDNY Lawsuit to the bankruptcy court where their chapter 11 was pending.

Ms. Shpak subsequently filed a motion to strike the notice of removal and/or to remand the EDNY Lawsuit, arguing that there was no basis under the removal statutes, 28 U.S.C. § 1441-1452, to remove a lawsuit from federal district court to bankruptcy court. In the alternative, Ms. Shpak argued that the bankruptcy court should abstain from hearing the matter.

In their opposition, Debtors informed the bankruptcy court that they had filed a "2nd Amended Notice of Removal" removing the EDNY Litigation to the U.S. District Court for the Central District of California ("CACD"). Debtors thus argued that the motion to remand was moot and agreed to dismiss the adversary proceeding and permit CACD to dispose of the matter.

The CACD, however, dismissed without prejudice the EDNY Lawsuit on grounds that the cited authorities (28 U.S.C.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-3-

§§ 1332, 1334, 1446, and 1452) did not authorize removal from one federal district court to another and thus the purported "removal" constituted a "meaningless act." Debtors timely appealed the dismissal to the Ninth Circuit Court of Appeals, where the matter remains pending (Case No. 16-56323).

At the hearing on the motion to strike/remand held in August 2016, Debtors' counsel acknowledged CACD's dismissal of the lawsuit and stated that she intended to advise her clients to appeal that dismissal. She then requested that the bankruptcy court dismiss the adversary proceeding, after which she would request that the matter be certified for a direct appeal to the Ninth Circuit Court of Appeals. After hearing argument, the bankruptcy court concluded:

> You can't remove a district court lawsuit to another district court or to a bankruptcy court. The way [28 U.S.C. §] 1452 works, you remove a civil action to the district court where the civil action is pending. Here the civil action is pending in the United States District Court for the Eastern District of New York.

> So, if you technically want to comply with 1452, you have to remove that lawsuit from the United States District Court in the Eastern District of New York to the United States District Court in Eastern District of New York, because that's where the civil action is pending. That's the district. That's a nullity . . . . You can't remove a district court lawsuit to the district court where the civil action is pending, because you can't remove a lawsuit from [and] to . . . the same Court. So this doesn't work.

Based on this reasoning, the bankruptcy court granted the motion to strike the notice of removal, and Debtors timely appealed.

Debtors thereafter requested certification of a direct appeal to the Ninth Circuit Court of Appeals, which was denied by both the bankruptcy court and this Panel.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Does 28 U.S.C. § 1452 authorize removal of cases from federal district court to bankruptcy court?

**STANDARD OF REVIEW**

We review de novo the bankruptcy court's interpretation of a federal statute. Etalco, Inc. v. AMK Indus., Inc. (In re Etalco, Inc.), 273 B.R. 211, 218 (9th Cir. BAP 2001) (federal venue statute). "De novo means review is independent, with no deference given to the trial court's conclusion." Deitz v. Ford (In re Deitz), 469 B.R. 11, 16 (9th Cir. BAP 2012), aff'd, 760 F.3d 1038 (9th Cir. 2014) (citing Barclay v. Mackenzie (In re AFI Holding, Inc.), 525 F.3d 700, 702 (9th Cir. 2008)).

**DISCUSSION**

28 U.S.C. § 1452 is one of several statutes comprising Chapter 89 of the U.S. Code, which is entitled "District Courts; Removal of Cases from State Courts."[2] 28 U.S.C. § 1452, the

---

[2] Although the bankruptcy removal statute is part of the chapter of the United States Code dealing with removal of **state court** actions, courts have interpreted 28 U.S.C. § 1452 as authorizing removal to district courts from other federal courts, such as the Court of Federal Claims, the local courts of the District of Columbia, or the territorial courts of Guam. Quality
(continued...)

"bankruptcy removal statute," is entitled "Removal of claims related to bankruptcy cases" and provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Debtors assert – correctly – that 28 U.S.C. § 1452(a) is designed to further Congress's purpose of centralizing bankruptcy litigation in a federal forum. California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004). Citing that policy, Debtors contend that the statute authorizes removal of an action pending in a federal district court to the federal district court or the bankruptcy court in the district where the bankruptcy case is pending. We agree with the bankruptcy court's conclusion that it does not.

Although we have found no Ninth Circuit or other appellate decision on point, numerous trial courts have concluded that 28 U.S.C. § 1452 does not permit removal of cases from federal

---

[2](...continued)
Tooling, Inc. v. United States, 47 F.3d 1569, 1572 (Fed. Cir. 1995); Centrust Sav. Bank v. Love, 131 B.R. 64, 66-67 (S.D. Tex. 1991).

district court to bankruptcy court. See LMRT Assoc., LC v. MB Airmont Farms, LLC, 447 B.R. 470, 472-73 (E.D. Va. 2011); Wellness Int'l Network v. J.P. Morgan Chase Bank, N.A. (In re Sharif), 407 B.R. 316 (Bankr. N.D. Ill. 2009); Doyle v. Mellon Bank, N.A., 307 B.R. 462, 464 (E.D. Pa. 2004); Cornell & Co., Inc. v. Se. Pa. Transp. Auth. (In re Cornell & Co., Inc.), 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997); Mitchell v. Fukuoka Daiei Hawks Baseball Club (In re Mitchell), 206 B.R. 204, 209 (Bankr. C.D. Cal. 1997); Centrust Sav. Bank, 131 B.R. at 67; Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc., 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989). There are virtually no published decisions to the contrary, with the arguable exceptions of Philadelphia Gold Corp. v. Fauzio (In re Philadephia Gold Corp.), 56 B.R. 87 (Bankr. E.D. Pa. 1985) and MATV-Cable Satellite, Inc. v. Phoenix Leasing, Inc., 159 B.R. 56 (Bankr. S.D. Fla. 1993), discussed below.

Courts concluding that 28 U.S.C. § 1452 does not permit removal from a federal district court directly to the bankruptcy court cite two reasons: first, the plain language of the statute does not support a contrary conclusion; and second, to interpret the bankruptcy removal statute as Debtors urge would thwart the district courts' power to refer matters to bankruptcy courts. We agree with those courts.

**A.** **The plain language of 28 U.S.C. § 1452 does not support Debtors' interpretation.**

28 U.S.C. § 1452 does not authorize removal to a bankruptcy court. The statute authorizes removal "to the district court for the district where such civil action is pending" if the

district court has jurisdiction under 28 U.S.C. § 1334. As the bankruptcy court recognized, it is illogical to interpret the bankruptcy removal statute to authorize removal **from** a district court **to** the district court in the same district. See In re Mitchell, 206 B.R. at 209 ("It violates the plain language of 28 U.S.C. § 1452(a) to say that an action can be removed 'to district court' when it is already pending in district court, because the words 'to district court' by necessity involve the concept of bringing the action **to** district court **from** some other forum.").

Given the clear language of the statute, and the sensible meaning thereof adopted in the cases, we agree with the bankruptcy court that one could not reasonably interpret the statute as allowing a matter to be removed from a district court to the same district court. Accordingly, we would affirm on that basis.

**B.    Debtors' interpretation of 28 U.S.C. § 1452 would raise constitutional questions.**

Accepting Debtor's interpretation of 28 U.S.C. § 1452, which would permit removal of an action in the district court to a bankruptcy court, would, as many cases have held, interfere with the district court's power to control the referral of matters to the bankruptcy court. See, e.g., Thomas Steel, 101 B.R. at 19-20; In re Sharif, 407 B.R. at 320. More fundamentally, such an interpretation would ignore and contravene Congress' response to the constitutional infirmities inherent in the broad jurisdictional grant to the bankruptcy courts contained in the Bankruptcy Reform Act of 1978 (the "1978

-8-

Act"). A brief history of the 1978 Act, the constitutional problems it raised, and Congress' solution thereto, will be helpful.

The 1978 Act substantially rewrote the bankruptcy laws. Of principal interest here, it created bankruptcy courts, as "adjuncts" of the district courts, and vested in them original jurisdiction to hear and determine cases and proceedings in bankruptcy. 28 U.S.C. §§ 151(a), 1471(b). That jurisdictional grant was challenged and found wanting in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). In Marathon, the debtor filed an adversary proceeding against Marathon seeking to recover damages for the estate. The matter had little relation to bankruptcy law – it was a simple contract claim, governed by applicable state law – or the bankruptcy case – as Marathon had not filed a proof of claim, and had no other involvement in the bankruptcy case. A lawsuit asserting the same claims was already pending in the District Court for the Western District of Kentucky. Marathon moved to dismiss the adversary proceeding for lack of jurisdiction, arguing that the exercise of jurisdiction by the bankruptcy court was an unconstitutional exercise of the jurisdictional power granted solely to the courts of the United States under Article III. The bankruptcy court denied the motion, but the district court agreed with Marathon and dismissed the lawsuit.

The Supreme Court held that the bankruptcy court's exercise of jurisdiction and judicial power over the lawsuit, although within the statutory authority of 28 U.S.C. § 1471, violated the Constitution's separation of powers doctrine insofar as it

-9-

purported to permit a bankruptcy court, which was not a court established under Article III of the Constitution, and lacked the essential attributes of an Article III court (life tenure and a prohibition on diminution of salary), to exercise the judicial power of the United States. Id. at 86-87. For these reasons, the Court held that the jurisdictional grant of the 1978 Act was unconstitutional.

In response to this ruling, Congress substantially rewrote the portions of bankruptcy law governing jurisdiction and judicial power in the Bankruptcy Amendments and Federal Judgeship Act of 1984. Most importantly, they redrafted 28 U.S.C. § 1334 to make clear that the district courts (not bankruptcy courts) had (i) original and exclusive jurisdiction over bankruptcy cases, and (ii) original but not exclusive jurisdiction over proceedings in a bankruptcy case.[3] See also 28 U.S.C. § 151 (designating bankruptcy judges as a unit of the district court). And to facilitate the efficient disposition of bankruptcy matters, 28 U.S.C. § 157(a) states that the district courts may provide for the referral of (i) bankruptcy cases, and

---

[3] 28 U.S.C. § 1334 provides, in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

-10-

(ii) any or all proceedings arising in or related to bankruptcy cases, to bankruptcy judges for the district.[4] Once so referred, 28 U.S.C. § 157(b) specifies which matters a bankruptcy judge may hear and determine subject to traditional principles of appellate review ("core matters," consisting of matters "arising under" or "arising in" a bankruptcy case) and those matters which, absent the consent of the parties, the bankruptcy court may hear, but not determine, but for which the bankruptcy court must issue a "report and recommendation" to the district court, subject to de novo review in all respects ("noncore" matters, consisting of matters "related to" a bankruptcy case).

Numerous cases have held, correctly, that a reading of 28 U.S.C. § 1452 that would permit a matter to be removed from a district court to a bankruptcy court would impermissibly undermine the district court's power to refer matters to the bankruptcy court (or to withdraw the reference). That referral power reflects "the Article III supervision that Congress intended as a remedy for the defects found by the Supreme Court in <u>Marathon</u>." <u>Thomas Steel</u>, 101 B.R. at 19-20. Moreover, the Debtors' interpretation would permit the bankruptcy court unreviewable discretion under § 1452(b) to remand a claim or cause of action to the district court. <u>Id.</u> <u>See also</u> <u>In re</u>

---

[4] In accordance with this provision, Rule 5011-1(a) of the Local Bankruptcy Rules for the Central District of California provides: "Pursuant to 28 U.S.C. § 157(a), the district court refers to the bankruptcy court for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11."

Sharif, 407 B.R. at 320 (noting that permitting removal from federal district court to bankruptcy court would jeopardize the district courts' referral authority as well as their power of appellate review of judgments, orders, and decrees of bankruptcy courts under 28 U.S.C. § 158).

But we pause here to emphasize a fundamental and crucial point. The determination of the issues raised by Debtors' attempt to remove a matter from district court to bankruptcy court implicates more than a question of statutory interpretation. Similarly, the requirement that district courts refer cases and proceedings to bankruptcy courts before those courts may adjudicate them does not merely designate the district courts as "Article III traffic police" for bankruptcy matters. Rather, the statutory structure implicates issues of the highest constitutional import. The predicate for the referral power is the bedrock principle that the district courts have jurisdiction over bankruptcy cases and proceedings; the bankruptcy court's jurisdiction over such matters is purely and solely derivative of the district court's jurisdiction. And the bankruptcy court's power to hear, or to hear and determine, as the case may be, bankruptcy cases and proceedings is entirely dependent upon the referral by the district court. Any interpretation of a statute that would imply that the bankruptcy courts had jurisdiction of bankruptcy cases and proceedings separate and independent from, or even co-equal to, the jurisdiction granted the Article III courts, or that would interfere with the Article III courts' exercise of that jurisdiction and judicial power through the system of referral

-12-

to the bankruptcy courts, or that, as here, would permit bankruptcy courts to dispose of matters originating in the district courts in apparent derogation of the power of those courts to control their own proceedings, would be, for the reasons described above, a constitutional non-starter.

We must interpret statutes so as to avoid constitutional issues. I.N.S. v. St. Cyr, 533 U.S. 289, 299-300 (2001); Crowell v. Benson, 285 U.S. 22, 62 (1932). Debtors' interpretation of the bankruptcy removal statute would call into question its constitutionality. Thus, we decline to adopt that interpretation.

Debtors urge us to follow case law that is ostensibly to the contrary, citing In re Philadephia Gold Corp., 56 B.R. 87 and MATV-Cable Satellite, 159 B.R. 56. We do not find these cases persuasive.

In Philadelphia Gold, a case explicitly rejected by Judge Wedoff in Thomas Steel, the bankruptcy court permitted a debtor in a civil action pending in the U.S. District Court for the Eastern District of Pennsylvania to remove that action to the bankruptcy court in the same district. Although the bankruptcy court examined 28 U.S.C. § 1452, its analysis was perfunctory and did not take into account the plain language of the statute or the constitutional concerns raised by its interpretation. See In re Philadelphia Gold, 56 B.R. at 89-90.[5]

In MATV-Cable Satellite, a creditor in a bankruptcy case pending in Maine sued another creditor in the Maine bankruptcy

---

[5] Philadelphia Gold was also considered and rejected in Doyle, Cornell, and Mitchell.

-13-

in the U.S. District Court for the Southern District of Florida. Thereafter, the defendant creditor filed a notice of removal to the U.S. Bankruptcy Court for the Southern District of Florida and requested a change of venue to the U.S. Bankruptcy Court for the District of Maine. The plaintiff creditor moved to strike the notice of removal. In its ruling, the bankruptcy court noted that 28 U.S.C. § 1452 and Rule 9027 were "typically" used to remove a state court action to the local federal district court, which would automatically refer the action to the local bankruptcy court. MATV-Cable Satellite, 159 B.R. at 59. The court also noted that generally, a transfer of a case from a non-bankruptcy court to the local district court is by removal, while the transfer of a case from a district court to the bankruptcy court is by referral. Id.

Without making a definitive ruling on the issue of whether 28 U.S.C. § 1452 authorized the removal of a case from federal district court, the bankruptcy court denied the motion to strike on practicality grounds. The court determined that it was more important to decide where the case should be handled than whether the transfer was accomplished by removal or referral. Noting that neither litigant wanted the matter heard by the Florida bankruptcy court, the court concluded, "pragmatism dictates that the case has been properly removed and the notice of removal will not be stricken." Id. at 60. Its ruling thus cleared the way for the parties to request a transfer of venue to the Maine bankruptcy court.

Accordingly, MATV-Cable Satellite does not provide a solid basis for interpreting 28 U.S.C. § 1452 to authorize removal

-14-

from a federal district court to bankruptcy court, as urged by Debtors.

Debtors argue that interpreting 28 U.S.C. § 1452 as permitting removal of an action only to the district court where the district court action is pending renders the statute meaningless with respect to district court actions, violating the canon of statutory construction that statutes should not be interpreted in a manner that renders them unnecessary or meaningless, citing Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 562 (1990). Debtors' argument misses the point that the statute intentionally applies only to removal to bankruptcy court from state court and certain federal courts but not district courts, for the reasons outlined above. Litigants are not precluded from requesting transfer of a case from a district court to a bankruptcy court. 28 U.S.C. § 1452 is simply the wrong vehicle to accomplish such a transfer.

The proper procedure for transferring a case from a federal district court to bankruptcy court is to request a referral by the district court. See Thomas Steel, 101 B.R. at 22; In re Mitchell, 206 B.R. at 210; Centrust Sav. Bank, 131 B.R. at 66. Here, because Debtors wish to transfer the case to a different district, they would first need to request a change of venue from the Eastern District of New York to the Central District of California and then request a referral to the bankruptcy court for the Central District of California.[6]

---

[6] When the bankruptcy court pointed this out at the August 18, 2016 hearing, Ms. Shpak's counsel stated that a motion to transfer venue of the EDNY Lawsuit had previously been denied by the District Court for the Eastern District of New York.

**CONCLUSION**

Debtors have not demonstrated that the bankruptcy court erred in its interpretation of 28 U.S.C. § 1452. For the reasons explained above, that statute is not the proper mechanism for transferring a case from a federal district court to the bankruptcy court. Accordingly, we AFFIRM the bankruptcy court's order striking the notice of removal.[7]

---

[7] On November 2, 2016, after this appeal was filed, Ms. Shpak filed an adversary proceeding against Debtors seeking a declaration of nondischargeability of any debt owed to her arising out of the allegations and claims asserted in the EDNY Lawsuit. As pointed out by the bankruptcy court at the August 18 hearing, the EDNY Lawsuit is currently stayed due to Debtors' bankruptcy filing, and the claims asserted in that litigation will ultimately have to be determined in the bankruptcy court. Because Debtors wanted those claims adjudicated in the bankruptcy court, and that goal will be accomplished in the context of the nondischargeability adversary proceeding, it is not clear why Debtors continue to pursue this appeal.