**In re CORNELL & COMPANY, INC., Debtor.**

**CORNELL & COMPANY, INC., Plaintiff,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Defendant.**

Bankruptcy No. 96–31650DAS.

Adv. No. 96-1309DAS.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 6, 1997.

Aris J. Karalis, Philadelphia, PA, for Debtor.

Barry D. Kleban, Adelman Lavine Gold & Levin, Philadelphia, PA, for Creditors' Committee.

Peter F. Marvin, Toll, Ebby, Langer Marvin, Philadelphia, PA, for Debtor in District Court action.

Lawrence J. Tabas, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, Bankruptcy Counsel for SEPTA.

Nicholas Poduslenko, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, State Court Counsel for SEPTA.

Joel C. Shapiro, Blank Rome Comisky & McCauley, Philadelphia, PA, for Corestates Bank, N.A.

Sherry Kajdan Vetterlein, Philadelphia, PA, for Summit Bank.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

## MEMORANDUM

DAVID A. SCHOLL, Chief Judge.

The Debtor has purported to remove the instant matter, previously pending as a civil action in the District Court for the Eastern District of Pennsylvania ("the D.C.E.D.Pa."), to this bankruptcy court as an adversary proceeding. This action was taken pursuant to 28 U.S.C. § 1452(a), which reads as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has

jurisdiction of such claim or cause of action under section 1334 of this title.

In the past, we have expressed doubt that a removal of a matter pending in the D.C.E.D.Pa. to this court could ever be appropriate. *See In re Berg,* 1990 WL 53081, at \*2 (Bankr.E.D.Pa. April 27, 1990), *aff'd,* 1990 WL 175690 (E.D.Pa. Nov. 9, 1990); and *In re New York City Shoes, Inc.,* 1989 WL 112792, at \*2 (Bankr.E.D.Pa. Sept. 25, 1989). We now state that such an attempted employment of ·§ 1452(a) unequivocally cannot be effected, and we express herein a future intention to summarily remand all matters in which such attempts are made under the bankruptcy removal statute.

The Debtor has cited but one case in support of his efforts to sustain this removal, a case arising out of this jurisdiction, *In re Philadelphia Gold Corp.,* 56 B.R. 87, 89–90 (Bankr.E.D.Pa.1985) (GOLDHABER, CH. J.). In that case, the court recognizes that the 1984 amendments to the Bankruptcy Code revised former 28 U.S.C. § 1478 to replace the reference therein to the "bankruptcy court" with references to the "district court." Literally, § 1452(a), as applied to a remand of a D.C.E.D.Pa. action, would nonsensically effect a removal of the action to the D.C.E.D.Pa. itself. However, the *Philadelphia Gold* court held that the term "district court" should be "deemed to denote the bankruptcy court," 56 B.R. at 89, in this context, and that therefore the provisions of former 28 U.S.C. § 1478, allowing a removal of a case from the district court to the bankruptcy court, were substantively unchanged. *Id.* at 89–90.

We cannot agree. Rather, we agree with the reasoning of *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.,* 101 B.R. 16, 19–20 (Bankr.N.D.Ill.1989), that such a reading of § 1452 would create a gap in the district court's complete referral power over bankruptcy matters created in 28 U.S.C. §§ 157(a), (d).

We also note that no post–1984 amendment decisions concur with *Philadelphia Gold* on this point, while the dissents are plentiful. *See, e.g., Centrust Savings Bank v. Love,* 131 B.R. 64, 66–67 (S.D.Tex.1991); *HCFS Business Equipment Corp. v. LDI Financial Services Corp.,* 129 B.R. 157, 158 (N.D.Ill.1991); *MATV–Cable Satellite, Inc. v. Phoenix Leasing, Inc.,* 159 B.R. 56, 59 (Bankr.S.D.Fla.1993); *In re Croley,* 121 B.R. 412, 413 (Bankr.D.D.C.1990); and *Helena Chemical Co. v. Manley,* 47 B.R. 72, 74–75 (Bankr.N.D.Miss.1985).

Our power to remove this matter, even if it did exist, would be rendered hollow by 28 U.S.C. § 157(d), which would empower the district court to simply withdraw the reference of this proceeding after it was removed to this court. We do note that reference of the instant matter to this court could be effected by the D.C. E.D. Pa. itself under 28 U.S.C. § 157(a), and the Debtor could make a motion to that court to effect such a result.

However, the instant attempted removal under 28 U.S.C. § 1452(a) is simply void; it must be undone; and the matter must be summarily returned to the D.C.E.D.Pa. We will do so in the accompanying order[1] and, as we noted above, we will follow this summary procedure as to any like filings in the future to avoid the potential unwarranted delay and confusion that such an unauthorized action could create.[2]

### ORDER

AND NOW, this 6th day of January, 1997, upon consideration of the Defendant's Statement and this court's *sua sponte* concerns, expressed in our Order of December 18, 1996, regarding the propriety of the Debtor's Notice of Removal of this proceeding from the District court for the Eastern District of

---

1. We were advised orally on January 3, 1997, that the Honorable Gloria M. Burns of the Bankruptcy Court of the District of New Jersey entered an oral order on January 2, 1997, denying a motion to change the venue of this case to her court. We are therefore now clearly empowered to enter this order.

2. A removal under 28 U.S.C. § 1452(a) generally immediately removes the matter at issue to this court, if the underlying main case is in this court, *see* Federal Rule of Bankruptcy Procedure 9027(e)(1), which could be interpreted as precluding the district court from acting on the matter until we remanded or otherwise returned the matter to that court.

Pennsylvania ("the D.C.E.D.Pa.") to this court and the Debtor's Memorandum in support of same, it is hereby ORDERED AND DECREED as follows:

1. The above-referenced Notice of Removal is STRICKEN.

2. The file of this proceeding is directed to be closed in this court.

3. The papers filed in the court shall be re-submitted to the Clerk of the D.C.E.D.Pa. forthwith.

4. The status conference in this matter scheduled on Wednesday, January 8, 1997, is CANCELLED.