In re Kevin MITCHELL, Debtor–In–Possession,

Kevin MITCHELL, Plaintiff,

v.

FUKUOKA DAIEI HAWKS BASEBALL CLUB and Ryuzo Setoyama, Defendants.

Adv. No. LA–96–04033–KM.

United States Bankruptcy Court, C.D. California.

Feb. 26, 1997.

As Amended May 30, 1997.

G. Christian Roux, McClintock, Weston, L.L.P. Los Angeles, CA.

Bruce H. Matson, LeClair Ryan, Richmond, VA.

Michael D. Ryan, Gibson, Dunn & Crutcher L.L.P. Los Angeles, CA.

OPINION (1) REMANDING REMOVED ACTION BACK TO DISTRICT COURT ON THE GROUND THAT REMOVAL WAS IMPROPER PURSUANT TO 28 U.S.C. § 1452(a), AND ON THE ALTERNATIVE GROUND THAT IF REMOVAL WAS PROPER PURSUANT TO 28 U.S.C. § 1452(a), THE LAWSUIT SHOULD BE DISCRETIONARILY REMANDED TO DISTRICT COURT PURSUANT TO 28 U.S.C. § 1452(b), AND (2) DENYING MOTION TO TRANSFER REMOVED ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA

KATHLEEN P. MARCH, Bankruptcy Judge.

## I. INTRODUCTION

Kevin Mitchell ("Mitchell") is a professional baseball player who is a United States citizen and a resident of San Diego, California. Mitchell entered into a contract with a Japanese Corporation, Fukuoka Daiei Hawks Baseball Club ("Hawks Corporation"), to play baseball in Japan. Ryuzo Setoyama is an individual who is a citizen and resident of Japan, and is an employee of the Hawks Corporation. A dispute arose over amounts allegedly owed Mitchell under the Mitchell/Hawks Corporation contract. Mitchell and the Hawks Corporation entered into an out of court settlement or modification of that contract. Thereafter a dispute arose about whether the settlement had been performed or breached.

### A. THE LAWSUIT IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

On November 29, 1995, Mitchell filed a civil lawsuit against the Hawks Corporation in the United States District Court for the Central District of California, alleging breach of the settlement agreement. Later, in his First Amended Complaint, Plaintiff added Setoyama as an additional defendant. Neither plaintiff, nor the Hawks Corporation, nor Setoyama was a resident of the Central District of California. However, plaintiff Mitchell alleged there was personal jurisdiction over the defendants because part of the acts complained of occurred in the United States, and that venue was proper as to defendants in the Central District of California because a portion of the transaction occurred in the Central District of California and because the Hawks Corporation is an alien which may be sued in any district. Numerous motions were made and ruled on in the district court action, the Honorable Robert Kelleher, United States District Court Judge presiding, including defense motions claiming there was no personal jurisdiction over defendants in the District Court for the Central District of California, motions seeking to compel arbitration, and motions for stay pending arbitration.

### B. MITCHELL FILES BANKRUPTCY IN THE SOUTHERN DISTRICT OF CALIFORNIA

On December 24, 1996, after suing defendants in the Central District of California,

Mitchell filed a voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of California, the District where he is a resident. In his venue change motion described *infra*, Mitchell claims that he wants to do a "pot" plan of reorganization in his Chapter 11 bankruptcy case, where he would put his major asset—his district court lawsuit against defendants—into a "pot", and his creditors would be paid by sharing the recovery (if any) which is ultimately recovered from defendants in the district court lawsuit.

### C. MITCHELL MAY HAVE BEEN ABLE TO FILE BANKRUPTCY IN THE CENTRAL DISTRICT OF CALIFORNIA

■ It should be noted that a debtor may choose to file his/her/its bankruptcy not only in his/her/its district of residence or domicile, but alternatively in the district where the majority of his/her/its assets are located. 28 U.S.C. § 1408(1). If the instant lawsuit is Mitchell's major asset, and is properly venued in the Central District of California, there is an argument that Mitchell could have filed his bankruptcy case in the Central District of California. He chose not to do so.

### D. MITCHELL PURPORTS TO HAVE "REMOVED" HIS DISTRICT COURT·LAWSUIT *TO* THE *SAME* COURT WHERE THAT LAWSUIT IS ALREADY PENDING, THE DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

28 U.S.C. § 1452(a) governs removal of proceedings related to bankruptcy cases. After filing his bankruptcy case, Mitchell filed a Notice of Removal pursuant to 28 U.S.C. § 1452(a), the bankruptcy removal statute, purporting to remove his district court lawsuit as being related to his bankruptcy. The Notice of Removal purported to remove his lawsuit—which Mitchell as plaintiff had chosen to file in the United States District Court for the Central District of California—*from* the United States District Court for the Central District of California *to the very same court* where it was already pending, the United States District Court for the Central District of California. As discussed *infra* in this Opinion, this Court holds this "removal" is not authorized by 28 U.S.C. § 1452(a).

### E. ONCE "REMOVED" PURSUANT TO THE BANKRUPTCY REMOVAL STATUTE, LAWSUITS ARE REMOVED TO THE DISTRICT COURT SITTING IN THE GEOGRAPHIC AREA WHERE THE COURT THAT THE LAWSUIT WAS REMOVED FROM IS LOCATED, AND *NOT* TO THE DISTRICT COURT WHERE THE BANKRUPTCY CASE IS LOCATED

■ Under both the bankruptcy removal statute, 28 U.S.C. § 1452, and the general federal removal statute, 28 U.S.C. § 1441–1448, cases which are removed into the United States District Court which covers the geographic area where the court that the action was removed from is located. 28 U.S.C. § 1452(a). Thus, the present lawsuit, because it was pending in the District Court for the Central District of California, Western Division, which sits in Los Angeles, California, was "removed" to the District Court for the Central District of California, Western Division, and *not* to the District Court where Mitchell's bankruptcy is pending (the United States District Court for the Southern District of California).

### F. ONCE "REMOVED" TO THE CENTRAL DISTRICT OF CALIFORNIA, PURSUANT TO THE BANKRUPTCY REMOVAL PROVISION, 28 U.S.C. § 1452(a), LAWSUIT IS AUTOMATICALLY REFERRED TO A UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA FOR FURTHER HANDLING

·The United States District Court for the Central District of California has a General Order of Reference which automatically refers proceedings removed to the District Court for the Central District of California pursuant to 28 U.S.C. § 1452(a) to the United States Bankruptcy Court for the Central District of California for further handling.

*See* 28 U.S.C. § 157(a); General Order Dated July 20, 1984 re "References Under Title 11 and Withdrawal of General. Order No. 242–A" and General Order dated August 6, 1984 re "Reference of Cases and Matter and Proceedings in Cases Under the Bankruptcy Act". Thus, when plaintiff Mitchell filed his Notice of Removal pursuant to 28 U.S.C. § 1452, purporting to "remove" the district court lawsuit to district court as being related to Mitchell's bankruptcy case, the "removed" district court lawsuit was automatically referred to the United States Bankruptcy Court for the Central District of California for further handling, where it was assigned by lot to the undersigned bankruptcy Judge.

### G. MITCHELL'S MOTION ASKING THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA TO TRANSFER THE "REMOVED" LAWSUIT TO THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Concurrently with filing his Notice of Removal, purporting to "remove" the district court lawsuit, Mitchell also filed a motion asking the undersigned bankruptcy Court to transfer the "removed" district court lawsuit to the United States Bankruptcy Court for the Southern District of California, pursuant to 28 U.S.C. § 1412. Section 1412, the bankruptcy venue transfer statute, provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Procedurally, what happens with respect to such a venue change motion is that the bankruptcy judge to whom the District Court for the Central District of California has referred the removed lawsuit (which is called an adversary proceeding once it is removed under the bankruptcy removal statute) rules on the venue change motion and, if the bankruptcy judge grants the venue transfer motion, the District Court for the Central District of California would then transfer the lawsuit to the District Court for the Southern District of California. The District Court for the Southern District of California has a referral rule similar to that in the Central District of California which would cause the lawsuit, once received in the District Court for the Southern District of California, to be referred to the Bankruptcy Court for the Southern District of California for further handling.

### H. THIS COURT ISSUED ITS ORDER TO SHOW CAUSE WHY THIS REMOVED ACTION SHOULD NOT BE REMANDED TO DISTRICT COURT

Shortly after Plaintiff Mitchell filed his Notice of Removal, the undersigned bankruptcy Judge held a status conference on the removed lawsuit. At that status conference, held on February 19, 1997, the undersigned bankruptcy Judge opined that "removal" of a district court action to the very same district court where the action is already pending is improper, and sua sponte set its Order to Show Cause Why the "Removed" District Court Action Should Not be Remanded to District Court as Having Been Improperly Removed. The Court's Order to Show Cause to Remand was briefed pro and con by the Plaintiff and Defendants, and was heard by this Court on February 26, 1997.

## II. ISSUES PRESENTED

Three issues are presented by Debtor/Plaintiff's "removal" of his district court lawsuit and Motion to Transfer Venue of that lawsuit to the Bankruptcy Court for the Southern District of California:

(1) Was the District Court lawsuit properly removable, pursuant to 28 U.S.C. § 1452(a), to the same District Court where it was already pending, or should this Court grant its own Order to Show Cause Why District Court Lawsuit Should Not be Remanded to District Court, and remand this lawsuit as having been improperly removed pursuant to 28 U.S.C. § 1452(a)?

(2) Even if the lawsuit was properly removable, pursuant to 28 U.S.C. § 1452(a), should this Court exercise its discretion to remand this lawsuit back to District Court, pursuant to 28 U.S.C. § 1452(b)?

(3) If and only if removal was proper, pursuant to 28 U.S.C. § 1452(a), and this Court may not properly exercise its discretion to remand this lawsuit back to the District Court, pursuant to 28 U.S.C. § 1452(b), so that this Court must rule on Plaintiff's Motion to Transfer Venue, should this Court grant or deny Plaintiff's motion to transfer venue on the removed lawsuit to the United States Bankruptcy Court for the Southern District of California?

## III. RULING

### A. THIS LAWSUIT MUST BE REMANDED TO DISTRICT COURT BECAUSE REMOVAL IS IMPROPER PURSUANT TO 28 U.S.C. § 1452(a)

■ 28 U.S.C. § 1452(a), governing the removal of cases related to bankruptcy proceedings states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, *to the district court for the district where such civil action is pending,* if such district court has jurisdiction of such claim or cause of action under section 1334 of this title (emphasis added).

On the first issue presented, that of whether the removal of this action is proper pursuant to 28 U.S.C. § 1452(a), this Court holds that the removal of this lawsuit to the same United States District Court, the very court where that lawsuit was already pending, is *not* allowed by 28 U.S.C. § 1452(a). Thus, the lawsuit must be remanded to District Court as improperly removed, and is so ordered remanded.

### 1. THIS PURPORTED "REMOVAL" DEFIES LOGIC AND COMMON SENSE, AND THE PLAIN LANGUAGE OF 28 U.S.C. § 1452(a)

As a matter of logic and common sense, it would not seem to be possible to "remove" a lawsuit to the very court where the lawsuit is *already* pending. Removal, both under the bankruptcy nonremoval statute, 28 U.S.C. § 1441–1448, and under the bankruptcy removal statute, 28 U.S.C. § 1452, involves *moving* the lawsuit *from* the court where it was originally brought—which is usually a state court—*to* a federal district court. It seems to be a tautology to talk about "removing" an action already pending in a federal district court *to that same* federal district court where the action is already pending.

As quoted *supra,* 28 U.S.C. § 1452(a) speaks of removing a proceeding "to district court". It violates the plain language of 28 U.S.C. § 1452(a) to say that an action can be removed "to district court" when it is *already* pending in district court, because the words "to district court" by necessity involve the concept of bringing the action *to* district court *from* some other forum.

In fact, even the Black's Law Dictionary defines "removal of causes" as

> The transfer of a case *from* one court *to another;* e.g. from one state court to another, or from state court to federal court. Commonly used for the transfer of the jurisdiction and cognizance of an action commenced but not finally determined, with all further proceedings therein, from one trial court to another trial court. More particularly, the transfer of a cause of action, before trial or final hearing thereof, *from* a state court *to* the United States District Court, under 28 U.S.C.A. § 1441 et seq. (emphasis added).

*Black's Law Dictionary* 1296 (6th ed. 1990).

### 2. LOW LEVEL SPLIT IN AUTHORITY ON PROPER METHOD TO USE TO REQUEST A DISTRICT COURT TO ASSIGN A LAWSUIT PENDING IN DISTRICT COURT TO A BANKRUPTCY COURT FOR FURTHER HANDLING

There is a low level split in authority as to whether a district court lawsuit can be removed *to* the district court where it is *already* pending, using 28 U.S.C. § 1452, or whether the correct course of action is merely to move the district court (where the action is already pending) to *refer* the district

court action to the bankruptcy court for further handling, if there is some reason why it would be prudent to have the bankruptcy court handle the action.

The *Case Management Manual for United States Bankruptcy Judges* Ch. II, Sec. D.1 (1995), prepared under the direction of the Subcommittee on Case Management of the Committee on the Administration of the Bankruptcy System of the Judicial Conference of the United States notes that there is a split of opinion as to whether 28 U.S.C. § 1452 can be used to "remove" a district court action to bankruptcy court, or whether the proper procedure to accomplish transferring a district court action to bankruptcy court is to seek an order from the district court *referring* the civil action to the bankruptcy court. The Manual, *id.*, at page 34 states:

> The courts disagree as to the proper procedure to remove a pending civil action from the federal district court to the bankruptcy court. This situation occurs when a civil action pending in the district court is related to a subsequently filed bankruptcy case and one or more parties wants to remove the civil action to the bankruptcy court. Some courts have held 28 U.S.C. § 1452(a) to be inapplicable in this situation, asserting that the proper procedure for transferring the civil action to the bankruptcy court is to seek a specific order from the district court referring the civil action to the bankruptcy court. *BancOhio Nat'l Bank v. Long (In re Long)*, 43 B.R. 692 (Bankr.N.D.Ohio 1984); *Thomas Steel Corp. v. Bethlehem Rebar Indus.*, 101 B.R. 16 (Bankr.N.D.Ill.1989).

Other courts and a leading commentator conclude that such a civil action is transferred to the bankruptcy court by a notice of removal pursuant to section 1452(a) in conjunction with the general order of reference entered by the district court pursuant to 28 U.S.C. § 157(a). The commentator explains the process as follows: The district court has two jurisdictional roles, first as the district court and second as the district court with

bankruptcy jurisdiction. The notice of removal is the document that transfers a proceeding from the district court acting in the first instance to the district court acting in the second instance. After this transfer has taken place, the general order of reference along with Fed.R.Bankr.P. 9027(e)(1) refers the proceeding to the bankruptcy court. 1 Lawrence P. King et al., Collier on Bankruptcy ¶ 3.01[5][c] at 3–92 (15th ed. 1994); *Philadelphia Gold Corp. v. Fauzio*, 56 B.R. 87 (Bankr.E.D.Pa.1985) (section 1452(a) may be used to remove a cause of action from district court to bankruptcy court).

This issue is an issue of first impression in this Circuit, as far as the research of this Court and the parties has determined. There is no United States Supreme Court, Ninth Circuit or other Circuit level case ruling on this issue, nor has the Ninth Circuit Bankruptcy Appellate Panel, nor any District Court located within the Ninth Circuit, ruled on this point.

■ This Court holds that the proper procedure for a party to use to request a district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to *refer* that lawsuit to the bankruptcy court for further handling, if there is some reason why it would make sense to have the bankruptcy court take over further handling of the lawsuit from the district court. *See Thomas Steel Corp. v. Bethlehem Rebar Indus.*, 101 B.R. 16, 19 (Bankr.N.D.Ill.1989); *In re Watson–Mahaney, Inc.*, 70 B.R. 578, 581 (Bankr. N.D.Ill.1987); *Case Management Manual for United States Bankruptcy Judges, supra* at pg. 34. *See also Helena Chemical Co. v. Manley*, 47 B.R. 72, 74–75 (Bankr.N.D.Miss. 1985). This Court holds that 28 U.S.C. § 1452(a) cannot be used to remove a lawsuit pending in federal district court to *the same district court where the lawsuit is already pending.*

■ So holding is not inconsistent with the language of 28 U.S.C. § 1452. The great

majority of actions removed to federal district court are removed from state court, both where the removal is made pursuant to the general federal removal statute, 28 U.S.C. § 1441–1448, and where the removal is made pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452. However, this Court agrees that 28 U.S.C. § 1452 does contemplate more than only removal from state courts to district courts (and from the district courts by referral to bankruptcy courts) because Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action *other than a proceeding before the United States Tax Court* ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title" (emphasis added). However, the underlined language must logically be interpreted as referring to the fact that proceedings from federal courts *other than district court* can be removed to district court, unless the federal proceeding in issue is pending in tax court, in which case Section 1452 prohibits it from being removed. For example, a proceeding from the Court of Federal Claims or the Court of Veterans Appeals could be removed to district court pursuant to 28 U.S.C. § 1452(a). Once removed to the district court, the removed proceeding would then be referred to the bankruptcy court for that district, pursuant to whatever reference rules that district had in effect.

■ Such a reading of Section 1452(a) gives meaning to all parts of that section, and avoids the logically idiotic result of claiming that a lawsuit can be removed *from* the district court where it is already pending *to* that very same court. It is an accepted rule of statutory construction that statutes should be construed in a manner that avoids an absurd result. *See In re Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989).

Additionally, for the reasons stated by Bankruptcy Judge Wedoff in his opinion *Thomas Steel Corp. v. Bethlehem Rebar In-*

*dus., supra,* 28 U.S.C. § 1452(a) must properly be read as referring to the removal of an action *to* district court (from whence the district court refers the case to the bankruptcy court) and *not* as allowing removal of actions *directly* to bankruptcy court (there is no jurisdiction to remove actions directly to bankruptcy court). The *In re Philadelphia Gold Corp.,* 56 B.R. 87 (Bankr.E.D.Penn. 1985) bankruptcy level opinion which tried to read 28 U.S.C. § 1452(a) as allowing removal of actions directly to bankruptcy court is in error for the reasons discussed by Judge Wedoff in his *Thomas Steel Corp. v. Bethlehem Rebar Indus., supra,* opinion.

**B. ALTERNATIVE RULING: IF THIS COURT IS IN ERROR, AND REMOVAL WAS PROPER UNDER 28 U.S.C. § 1452(a), THEN THIS COURT EXERCISES ITS DISCRETION TO REMAND THIS LAWSUIT TO DISTRICT COURT PURSUANT TO 28 U.S.C. § 1452(b)**

■ Because there is no binding authority to guide this Court, there is the possibility that some higher court might rule that this Court's view of 28 U.S.C. § 1452(a) is in error, and that the instant lawsuit was properly removed from district court to district court pursuant to Section 1452(a). Thus, as an alternative ruling, this Court holds that if removal is assumed arguendo to have been proper under Section 1452(a), then this Court exercises its discretion to remand this action back to district court for all further proceedings, pursuant to 28 U.S.C. § 1452(b).

All of the facts recited in this Opinion constitute "an equitable ground", as that term is used in 28 U.S.C. § 1452(b), for remanding this district court lawsuit back to the District Court from which it was removed. There is no reason why this bankruptcy court (which is not the bankruptcy court presiding over the bankruptcy case), and which does not have any special expertise in the wholly nonbankruptcy issues raised by the district court lawsuit, should preside over the district court lawsuit instead of the District Court doing so.

### C. EVEN IF REMOVAL IS ASSUMED ARGUENDO TO HAVE BEEN ALLOWABLE PURSUANT TO 28 U.S.C. § 1452(a), AND THE LAWSUIT IS ASSUMED ARGUENDO TO NOT BE REMANDABLE AS A MATTER OF DISCRETION PURSUANT TO 28 U.S.C. § 1452(b), PLAINTIFF MITCHELL'S MOTION TO CHANGE VENUE SHOULD BE AND IS HEREBY DENIED

#### 1. GROUNDS MITCHELL ALLEGES IN HIS VENUE CHANGE MOTION AS TO WHY LAWSUIT SHOULD BE TRANSFERRED FROM THE CENTRAL DISTRICT OF CALIFORNIA TO THE SOUTHERN DISTRICT OF CALIFORNIA

■ In his motion to change venue, Mitchell argues that his lawsuit—which he chose to file in the District Court for the Central District of California—should now be moved to a different venue than the one he originally chose, merely because Mitchell has now filed his bankruptcy case in the Southern District of California. Defendants oppose Mitchell's venue change motion.

#### 2. MITCHELL'S VENUE CHANGE MOTION IS DENIED

If and only if some higher Court were to find that this lawsuit was properly removable pursuant to 28 U.S.C. § 1452(a), and was not properly remanded back to District Court pursuant to 28 U.S.C. § 1452(b), then this Court would be required to rule on Mitchell's venue change motion. In such instance, Mitchell's motion to change venue of his lawsuit from the Central District of California to the Southern District of California should be and is hereby denied. This Court finds that changing venue to the Bankruptcy Court for the Southern District of California would *neither* be in the interests of justice *nor* serve the convenience of the parties and witnesses.

#### 3. AUTOMATIC BANKRUPTCY STAY DOES NOT STAY DISTRICT COURT FROM PROCEEDING TO ADJUDICATE THIS LAWSUIT

■ Whenever a party to a lawsuit files bankruptcy, it is prudent to ask whether the automatic bankruptcy stay, 11 U.S.C. § 362, stays proceeding with the lawsuit. Here, however, the automatic stay of 11 U.S.C. § 362 does not apply. Debtor Mitchell is the plaintiff in the District Court lawsuit (now "removed" to this Court). The 11 U.S.C. § 362 automatic stay only stays lawsuits *against* the debtor and the debtor's bankruptcy estate. The Section 362 stay does not apply where, as here, the debtor is the plaintiff in a lawsuit. 11 U.S.C. § 362(a)(1)–(8); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126 (D.C.Cir.1989). Nor does the stay prevent a defendant who is sued by a debtor from defending itself in the debtor's lawsuit, so long as the defendant does not file a counterclaim (there is no counterclaim here). *Koolik v. Markowitz*, 40 F.3d 567 (2nd Cir.N.Y. 1994). Thus, even with this lawsuit remanded to the United States District Court, the District Court can proceed with the lawsuit, because the lawsuit is not stayed by the bankruptcy automatic stay.

#### 4. TRANSFER OF THIS LAWSUIT TO THE SOUTHERN DISTRICT OF CALIFORNIA WOULD NOT BE IN THE INTERESTS OF JUSTICE

It must be noted that this motion to transfer venue involves the anomaly of a plaintiff, who chose to sue in the District Court for the Central District of California, asking this Court to move that lawsuit to a different District from the District which plaintiff originally chose to sue in. This is forum shopping of the worst sort. Usually it is defendants who bring venue transfer motions, not plaintiffs. The pleadings attached to Mitchell's Notice of Removal reflect that there was considerable motion practice before the Honorable Robert Kelleher, District Judge, regarding, *inter alia*, issues of personal jurisdiction over defendants and request for stay. The inference this Court draws is that plaintiff Mitchell is unhappy with one or more of the District Court's rulings on motions, and now wishes to have a different judge preside over his lawsuit.

■ Plaintiff claims it would be more efficient to have the same court handle both

the bankruptcy case and the instant lawsuit. As already noted, Plaintiff might have been more likely to have achieved this result if he had filed his bankruptcy case in the Central District of California, where this lawsuit which he claims is his major asset, was located. *See* 28 U.S.C. § 1408(1) (venue in bankruptcy cases is proper, *inter alia*, in the district in which the principal assets in the United States are located). Plaintiff chose not to do so. Plaintiff Mitchell's efficiency argument is fallacious, in any event. A "pot" plan where the lawsuit is the asset put in the "pot" to pay creditors only requires that the lawsuit be adjudicated somewhere, not that the lawsuit be adjudicated by the bankruptcy judge handling the bankruptcy case. The instant lawsuit does not involve any issue of bankruptcy law. Rather, it involves issues of alleged breach of contract, effect and performance of a settlement agreement, and claims of alleged conversion, fraud, and misrepresentation, as to which bankruptcy judges have no special expertise. The District Court is better qualified to decide these issues than either the Bankruptcy Court for the Central District of California or the Bankruptcy Court for the Southern District of California. Further, Plaintiff Mitchell's complaint demands a jury trial, and bankruptcy judges can only preside over jury trials if all parties to the trial consent. If, as is often the case, one or more parties do not consent to the bankruptcy judge presiding over a jury trial, then *only* the district court can preside over the jury trial.

As far as any objection to any claim filed in the Mitchell bankruptcy by Defendants (none has been filed to date, so far as the pleadings presented to this Court reflect), bankruptcy judges can handle such things by many different methods. One method is to wait until the district court lawsuit between the debtor and defendants has been adjudicated by the district court, at which time the facts needed to rule on any objection to any such claim may well be fixed by collateral estoppel. Another is for the bankruptcy court to estimate any such claim, if necessary, for purposes of allowing that claimholder to vote on a plan of reorganization. *See* Federal Rule of Bankruptcy Procedure 3018(a). Claims can even be estimated for purposes of distribution under a Chapter 11 plan, if necessary, though this is not favored.

## 5. TRANSFER IS NOT CLEARLY MORE CONVENIENT

Transfer to the Southern District of California would be more convenient for Plaintiff Mitchell, since he resides there, but as the party who chose to sue in the Central District of California (Los Angeles) he can hardly complain it is a hardship to drive the 2½ hours it takes to come from San Diego to Los Angeles to testify at trial. Plaintiff says witnesses reside in many places, so San Diego is not more convenient for witnesses. Defendants object to the transfer on the basis of improper removal, so apparently they do not agree that the Southern District of California is a more convenient forum for them.

## IV. CONCLUSION

This Opinion constitutes this Court's Findings of Facts and Conclusions of Law on this Court's Order of this same date (1) Granting Remand Pursuant to This Court's Order to Show Cause Why Removed Action Should Not Be Remanded, and (2) Denying Plaintiff Mitchell's Motion to Transfer Venue of Removed Lawsuit to the Bankruptcy Court for the Southern District of California.