**SHARP ELECTRONICS CORP., Plaintiff,**

v.

**DEUTSCHE FINANCIAL SERVICES CORP., Defendant.**

**Bankruptcy Nos. 98–503, Civ. AMD–98–483.**

United States Bankruptcy Court, D. Maryland, at Baltimore.

June 19, 1998.

---

Henry R. Lord, Piper & Marbury, L.L.P., Baltimore, MD, for Debtor/Plaintiff.

Timothy F. McCormack, Shapiro and Olander, Baltimore, MD, Charles M. Tatelbaum, Tampa, FL, for Defendant.

Karen H. Moore, Assistant U.S. Trustee, Baltimore, MD, for U.S. Trustee.

### MEMORANDUM OPINION STRIKING DEFENDANT'S NOTICE OF REMOVAL

E. STEPHEN DERBY, Bankruptcy Judge.

### I. ISSUE.

The issue for resolution is whether a party to a civil action between nondebtors in the United States District Court has the right to remove the action to a bankruptcy court with nonexclusive jurisdiction under 28 U.S.C. § 1334(b). There is a split of authority whether such a removal may be effected pursuant to 28 U.S.C. § 1452(a). Because the court concludes that this issue should be resolved by applying referral principles rather than removal principles, the court finds that a party may not remove a civil action between nondebtors from the United States District Court to the bankruptcy court for the same judicial district pursuant to 28 U.S.C. § 1452(a).

### II. FACTS.

Although the issue appears straightforward, the procedural posture of this adversary proceeding is sufficiently complex to invite expanded discussion. A civil action for breach of contract was commenced in the United States District Court for the District of Maryland by Sharp Electronics Corporation ("Sharp") against Deutsche Financial Services Corporation ("DFSC") (Civil No. AMD–98–253). Diversity jurisdiction was alleged under 28 U.S.C. § 1332(a)(1). Sharp alleged that DFSC failed to honor a floor plan repurchase agreement to pay for shipments by Sharp to Montgomery Ward & Co. Montgomery Ward is a debtor under Chapter 11 of the Bankruptcy Code in the District of Delaware (Case No. 97–1410–PJW).

DFSC filed a notice of removal of the civil action from the United States District Court for the District of Maryland (the "District Court") to the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). The notice of removal was filed with the Clerk of the Bankruptcy Court as required by Bankruptcy Rule 9027(a)(1). However, instead of filing a copy of the notice in the District Court as required by Bankruptcy Rule 9027(c), DFSC filed in the District Court an original notice captioned in the District Court civil action. Meanwhile, the Notice of Removal filed with the Clerk of the Bankruptcy Court was forwarded to the District Court, and a new civil action was opened, namely, Civil No. AMD–98–483. This subsequently opened civil ac-

tion was then transferred to the Bankruptcy Court by Order of the District Court, although the original complaint remains in the District Court. Plaintiff has filed a motion to strike the notice of removal in this miscellaneous proceeding.

The result of these convoluted procedures is that, while the civil action by Sharp against DFSC is pending in the District Court, plaintiff Sharp's motion to strike the notice of removal has been referred by the District Court to this court for resolution.

## III. RELEVANT REMOVAL STATUTES AND RULE.

Removal is governed in the first instance by 28 U.S.C. § 1441(a), which provides as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Removal in bankruptcy cases is further governed by 28 U.S.C. § 1452(a):

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Under the United States Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), the removal of a bankruptcy case may be effected under either § 1441 or § 1452. Section 1452(a) was enacted in tandem with the Bankruptcy Amendments and Federal Judgeship Act of 1984, precipitated by the Supreme Court's upheaving decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598

(1982). It replaced an earlier statute, 28 U.S.C. § 1478, which provided in part:

A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

28 U.S.C. § 1478(a).

The major difference between the former § 1478(a) and § 1452(a) is that the removal must now be made to the district court in the first instance, rather than to the bankruptcy court. Most district courts have adopted a local rule pursuant to 11 U.S.C. § 157(a) that automatically refers to the bankruptcy court all cases under title 11, and a civil proceedings arising under, arising in or related to cases under title 11. The District of Maryland is no exception. Dist. Ct. (Md.) R. 402. The replacement of § 1478 with § 1452 turned removal to the bankruptcy court into a two step process, namely, removal to the district court and then reference to the bankruptcy court.

The procedure for removal in bankruptcy cases is provided in Bankruptcy Rule 9027. Subparagraph (a)(1) of that rule provides:

A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.

Fed.R.Bankr.P. 9027(a)(1).

## IV. DISCUSSION AND CONCLUSIONS.

Because the pending civil action was not removed from a state court, 28 U.S.C. § 1441

is not implicated. Under *Things Remembered,* the court proceeds to examine the issue of whether removal from the District Court may be effected under § 1452(a).

There is a split of case authority concerning the issue at bar. *Compare Mitchell v. Fukuoka Daiei Hawks Baseball Club (In re Mitchell),* 206 B.R. 204 (Bankr.C.D.Cal.1997) (holding that a case may not be removed from the district court to a bankruptcy court in the same district); *Cornell & Co., Inc. v. Southeastern Penn. Transp. Auth.,* 203 B.R. 585 (Bankr.E.D.Pa.1997); *Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc.,* 101 B.R. 16 (Bankr.N.D.Ill.1989); *Centrust Savings Bank v. Love,* 131 B.R. 64, 66 (S.D.Tex. 1991) ("an attempt to 'remove' a case from district court to bankruptcy court is an attempt to remove a case from me to me for me"); *HCFS Business Equip. Corp. v. LDI Fin. Servs. Corp.,* 129 B.R. 157 (N.D.Ill. 1991); *In re Croley,* 121 B.R. 412 (Bankr. D.D.C.1990); *Safeco Ins. Co. of Am. v. Watson–Mahaney (In re Mahaney),* 70 B.R. 578, 581 (Bankr.N.D.Ill.1987); *Helena Chemical Co. v. Manley,* 47 B.R. 72 (Bankr.N.D.Miss. 1985); *with MATV–Cable Satellite, Inc. v. Phoenix Leasing, Inc.,* 159 B.R. 56, 59 (Bankr.S.D.Fla.1993) (holding, as a matter of practicality, that a case may be removed to the bankruptcy court from the district court in the same jurisdiction, because to hold otherwise would be "spending more time arguing about where to try a case than in trying the case"); *Philadelphia Gold Corp. v. Fauzio,* 56 B.R. 87 (Bankr.E.D.Pa.1985). *Philadelphia Gold* has been cited as the seminal case for the proposition that a litigant in a district court proceeding may remove the case to the same court for the purpose of utilizing the automatic reference to the bankruptcy court. *See* Case Management Manual for United States Bankruptcy Judges, Ch. II, Sec. D. 1 (U.S.Jud.Conf.1995); *Mitchell v. Fukuoka Daiei Hawks Baseball Club,* 206 B.R. at 210. It is noted, however, that the United States Bankruptcy Court for the Eastern District of Pennsylvania, from which the *Philadelphia Gold* case arose, has ruled that the *Philadelphia Gold* holding no longer applies. *See Cornell,* 203 B.R. at 586.

In its motion to strike the Notice, Sharp relies upon *Mitchell v. Fukuoka Daiei Hawks Baseball Club.* In *Mitchell* the debtor had filed prepetition a civil action against defendants in the United States District Court for the Central District of California. While that civil action was pending, the debtor filed a voluntary bankruptcy petition under Chapter 11 in the Southern District of California. The debtor then purported to remove his civil action to the Central District of California, the same court in which it was pending, so that he could take advantage of a general order of reference that automatically referred related-to cases under title 11 to the bankruptcy court. Upon his purported removal, the debtor moved the bankruptcy court for the Central District of California to transfer venue of the civil action to the United States District Court for the Southern District of California, which in turn would automatically refer the case to the bankruptcy court in that jurisdiction. The bankruptcy court in *Mitchell* held removal was not allowed under § 1452(a); it remanded the civil action to the United States District Court; and it denied the debtor's motion for a change in venue.

The bankruptcy court in *Mitchell* questioned the purported removal conceptually. It stated: "As a matter of logic and common sense, it would not seem possible to 'remove' a lawsuit to the very court where the lawsuit is *already* pending." *Id.* at 209. The *Mitchell* court reasoned that it would violate the plain meaning of 28 U.S.C. § 1452(a), which provides for removing a civil action "to the district court," to conclude an action can be removed to the district court where it is pending because it must come from another forum. For support the court quoted Black's Law Dictionary's definition of "removal of causes":

The transfer of a case *from* one court *to another;* e.g. from one state court to another, or from state court to federal court. Commonly used for the transfer of the jurisdiction and cognizance of an action commenced but not finally determined, with all further proceedings therein, from one trial court to another trial court. More particularly, the transfer of a cause of action, before trial or final hearing thereof, *from* a state court *to* the United

States District Court, under 28 U.S.C.A. § 1441 *et seq.* (emphasis added [in *Mitchell* opinion] ).

BLACK'S LAW DICTIONARY 1296 (6th ed.1990). From this reasoning, the bankruptcy court held that removal of the lawsuit to the United States District Court where it was already pending was not allowed by 28 U.S.C. § 1452(a). *Mitchell,* 206 B.R. at 209.

The usual operation of removal is to bring an action from a state forum to a federal district court. However, the implementing bankruptcy rule arguably expands the scope of removal. The first sentence of Bankruptcy Rule 9027(a)(1) provides: "A notice of removal shall be filed with the clerk for the district and division within which is located the state *or federal* court where the civil action is pending." Fed.R.Bankr.P. 9027(a)(1) (emphasis added). According to COLLIER ON BANKRUPTCY, this language allows removal under 28 U.S.C. § 1452(a) from the district court to the bankruptcy court in the same jurisdiction. 1 COLLIER ON BANKRUPTCY ¶ 3.07[1] (15th ed. revised 1998). The reasoning is that because Bankruptcy Rule 9027 contains specific language including federal courts and does not exclude the district court where the action is pending, an action may be removed from a district court where it was pending under nonbankruptcy jurisdiction to itself under its bankruptcy jurisdiction and subject to automatic referral to the bankruptcy court.

The conclusion reached in COLLIER is not compelled by the language of Bankruptcy Rule 9027(a)(1). The inclusion of the words "or federal" may only mean that some federal court litigation may be removed. Chief Judge Scholl of the United States Bankruptcy Court for the Eastern District of Pennsylvania explained that this language was meant to capture other federal courts, such as the Court of Federal Claims. *See U–Haul Int'l, Inc. v. Gross Metal Prods., Inc. (In re Gross Metal Prods., Inc.),* 1997 WL 778756 (Bankr. E.D.Pa.) (citing *Quality Tooling, Inc. v. United States,* 47 F.3d 1569 (Fed.Cir.1995), which allowed the removal of a case from the

Court of Federal Claims to the district court).

Another explanation for the inconsistency between the understood operation of 28 U.S.C. § 1452(a) and the broadness of Bankruptcy Rule 9027(a)(1) is the timing of each. The effective date of Bankruptcy Rule 9027, which in its original form contained the language pertinent to this discussion, was August 1, 1983. On the other hand, Congress enacted § 1452(a) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 33 (1984). As several courts concluded shortly after the enactment of 28 U.S.C. § 1452, it appears that the language of Bankruptcy Rule 9027(a)(1) was retained as an oversight after Congress abrogated 28 U.S.C. § 1478 in the 1984 amendments. *E.g., Safeco Ins. Co. v. Mahaney (In re Watson–Mahaney, Inc.),* 70 B.R. 578, 580–81 (Bankr.N.D.Ill.1987) ("since Rule 9027 was geared to the former removal statute, it no longer applies"); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 581 (N.D.Ind.1985). Section 1478(a) had provided for direct removal of an action to the bankruptcy court.

▪ The jurisdictional posture of the bankruptcy court relative to the district court is also important to the analysis of removal. Before the *Marathon* decision, the bankruptcy court and the district court functioned as independent judicial entities. Therefore, the inclusion of "or federal court" in Bankruptcy Rule 9027(a)(1) was not inconsistent with the then-effective § 1478, which provided that state court litigation could be removed directly to the bankruptcy court. However, after the *Marathon* decision induced Congress to enact the Federal Judgeship Act of 1984, the jurisdiction of the bankruptcy court became a derivative of the jurisdiction of the district court pursuant to 28 U.S.C. § 1334(a) and 157(a).[1]

▪ *Mitchell's* construction of the term removal in 28 U.S.C. § 1452(a) is persuasive. The plainly understood meaning of removal is the transfer of a case from one court to

---

1. 28 U.S.C. § 1334(a) provides: "Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11." This statutory provision places jurisdiction over bankruptcy cases in the district court. However, 28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be

another. Congress' use of remove in 28 U.S.C. § 1452(a) is not defined. Therefore, the court must construe it according to the plain meaning of the term. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241-43, 109 S.Ct. 1026, 1030-32, 103 L.Ed.2d 290, 298-99 (1989). The plain meaning of remove does not allow for the removal from a district court to itself.

The court must consequently address an apparent inconsistency between a statute and a rule. Section 1452(a) by using the term remove precludes the possibility of removing a claim or action from the district court to itself exercising bankruptcy jurisdiction. Bankruptcy Rule 9027(a)(1), by using the phrase "or federal court", suggests an affirmative right to remove from a district court to itself exercising bankruptcy jurisdiction. It is well settled that a judicially promulgated rule is only effective to the extent it is not inconsistent with a statute of Congress. *See, e.g., Sibbach v. Wilson & Co.,* 312 U.S. 1, 9-10, 61 S.Ct. 422, 424, 85 L.Ed. 479 (1941) (Congress may delegate to federal courts "authority to make rules not inconsistent with the statutes or constitution of the United States"). Therefore, Bankruptcy Rule 9027(a)(1) must be read so as not to conflict with 28 U.S.C. § 1452(a). To do so the phrase "federal court where the civil action is pending" in Bankruptcy Rule 9027(a)(1) should be understood to refer to a federal court that is different from the district court to which the case is removed.

An option to remove an action to the bankruptcy court from the district court is also improper for practical reasons. The mechanism of reference already exists for appropriate cases and actions that should be heard by the bankruptcy court. The introduction of removal as a second option with immediate, mandatory effect would subvert the discretionary nature of the district court's reference of its bankruptcy jurisdiction. If indeed a civil action in the district court belongs before the district court rather than the bankruptcy court, it defies any sense of judicial economy to allow a party to remove the

action as a matter of right to the bankruptcy court and to impose the burden of moving for withdrawal of reference on the other parties. The specific right of direct removal to the bankruptcy court died with *Marathon* and the Bankruptcy Amendments and Federal Judgeship Act of 1984, when Congress resolved that bankruptcy courts would be Article I adjunct units of the district courts. 28 U.S.C. § 151.

## V. RESOLUTION AND RECOMMENDATION.

For the foregoing reasons, this court joins with the majority of cases and holds that the attempted removal of a civil action from the District Court to the Bankruptcy Court is not permitted by 28 U.S.C. § 1452(a), and it was ineffective. Accordingly, Plaintiff's motion to strike Defendant's notice of removal will be granted. The Clerk will be directed to return this miscellaneous matter to the District Court. Finally, the court will recommend to the District Court that Civil No. AMD–98–483 be consolidated into Civil No. AMD–98–253.

referred to the bankruptcy judges for the district." The effect of these two provisions is that the district courts are vested with jurisdiction over bankruptcy cases, but a district court may refer its bankruptcy jurisdiction to the bankruptcy court. No statute directly confers jurisdiction upon the bankruptcy court for other than bankruptcy cases and related proceedings that are referred by the district court. *See* 28 U.S.C. § 157(b)(1).