**In re THE ACADEMY, INC., Debtor.**

**Unnamed Individuals, Plaintiff,**

**v.**

**The Academy, Inc., Defendant.**

**Bankruptcy No. 02–00514–8C1.**
**Adversary No. 02–0482.**

United States Bankruptcy Court,
M.D. Florida.
Tampa Division,

Dec. 31, 2002.

---

288

Emily Peacock, Tampa, FL, for Plaintiffs.

John A. Anthony, Stephenie Biernacki, Tampa, FL, for Defendant.

Patricia Willing, Tampa, FL, Assistant United States Attorney.

### ORDER STRIKING DEBTOR/DEFENDANT'S NOTICE OF REMOVAL

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of the plaintiffs' amended motion to dismiss (Document No. 13) and the parties' briefs (Documents Nos. 16 and 17) filed pursuant to the court's order establishing a briefing schedule (Document No. 15). The motion presents a narrow and discrete issue that is part of a multifaceted dispute pending in this and in other related adversary proceedings involving these parties and the United States of America.

### I.

The debtor/defendant filed its Chapter 11 bankruptcy petition on January 11, 2002. At that time, there was already then pending in the district court for this district a *qui tam* action pursuant to the provisions of 31 U.S.C. §§ 3729–3733 and 28 U.S.C. § 1331 involving the debtor, as defendant, and the plaintiffs, as plaintiffs. On June 19, 2002, the debtor/defendant purportedly removed the *qui tam* action to this court by filing a notice of removal pursuant to the provisions of 28 U.S.C. § 1452 and F.R.B.P. 9027 (Document No. 1). Upon the filing of that notice, the clerk opened this adversary proceeding file. F.R.B.P. 7001(10).

The plaintiffs' motion to dismiss raises the issue of whether a party may invoke the provisions of 28 U.S.C. § 1452 to remove an action to the same district in which it is already pending and in which a debtor's bankruptcy case is later filed.

### II.

In judging the propriety and effectiveness of the purported removal, it is helpful as a preliminary matter to review the basics of bankruptcy jurisdiction.

■ Pursuant to the provisions of 28 U.S.C. § 1334, the district court has jurisdiction of all cases under Title 11 (the Bankruptcy Code) and all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

■ Pursuant to the provisions of 28 U.S.C. § 157(a), the district court may refer cases and proceedings within its bankruptcy jurisdiction to the judges of the bankruptcy court. In this district, the district court has generally referred such cases and proceedings to the bankruptcy court. District Court order, No. 84–

MISC–152, July 11, 1984. That order provides:

> Pursuant to Section 157 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, it is ORDERED that all cases pending under Title 11, United States Code, and all cases filed hereafter under Title 11 or arising in or related to a case under Title 11, shall immediately be transferred and referred to the appropriate division of the Bankruptcy Court of this District.

■ Thus, when a debtor files a bankruptcy case, the case is automatically referred to the bankruptcy court, and a bankruptcy judge presides over the case. When an "arising in" or "related to" proceeding is then brought to this district, it is automatically referred to the bankruptcy court, and a bankruptcy judge presides over the matter. Pursuant to the provisions of 28 U.S.C. § 157(d), F.R.B.P. 5011, and L.B.R. 5011–1, of course, a party may move for an order of the district court withdrawing the reference to the bankruptcy court. If granted by the district court, the district judge would then serve as presiding judge over the withdrawn matter rather than the bankruptcy judge.

■ If a proceeding involving the debtor is already pending in another court when the debtor files its bankruptcy petition, that proceeding would likely then become "related to" the debtor's newly filed bankruptcy case. In those circumstances, the provisions of 28 U.S.C. § 1452 and F.R.B.P. 9027 would permit a party to remove the proceeding. In those circumstances, the proceeding is "related to" the debtor's bankruptcy case pending in the district in which the bankruptcy case is pending. The provisions of 28 U.S.C. § 1409 and F.R.B.P. 9027, however, place the venue of that "related to" proceeding in the district in which the proceeding was pending at the time of the bankruptcy filing rather than in the district in which the bankruptcy case is pending. Thus, the removal would be to the district court within which the "related to" proceeding is pending. If that district has entered a general order of reference as this one has done, the removed proceeding would then be automatically referred to the bankruptcy court in that district.

■ If a proceeding involving the debtor is already pending in the federal district court in which the debtor files its bankruptcy petition, that proceeding would also likely then become "related to" the debtor's newly filed bankruptcy case. It appears, however, that the general order of reference entered by our district court would not automatically refer that proceeding to the bankruptcy court. The whole thrust of the general order of reference is aimed at newly filed matters rather than to existing and already pending matters. A party to the existing proceeding, however, might well move for a specific order of the district court referring the proceeding to the bankruptcy court pursuant to the provisions of 28 U.S.C. § 157(a). This would be completely consistent with the fact that it is the district court's bankruptcy jurisdiction that is invoked in bankruptcy cases and arising in and related to proceedings. The bankruptcy court has no independent jurisdiction; its jurisdiction is limited to that part of the district court's jurisdiction that the district court refers to the bankruptcy court.

### III.

■ Turning to the specifics of this case, the *qui tam* action involving the plaintiffs and the debtor/defendant is a proceeding "related to" the debtor/defendant's case under Title 11. *Wood v. Ghuste (In re Wood)*, 216 B.R. 1010, 1013 (Bankr.M.D.Fla.1998).

■ Because the *qui tam* action was pending in the district court of this district at the time the debtor/defendant filed its bankruptcy case in this district, the general order of reference did not automatically refer it to the bankruptcy court.

Because the *qui tam* action was already pending in this district, the reported cases make plain that the debtor/defendant may not remove it to this district pursuant to the provisions of 28 U.S.C. § 1452. *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.*, 101 B.R. 16 (Bankr.N.D.Ill. 1989). Although there is contrary authority, *Philadelphia Gold Corp. v. Fauzio (In re Philadelphia Gold Corp.)*, 56 B.R. 87 (Bankr.E.D.Pa.1985), that authority has been largely discredited. *Id.* at 19–20; *Cornell & Co. v. Southeastern Pennsylvania Transportation Authority (In re Cornell & Co.)*, 203 B.R. 585 (Bankr.E.D.Pa. 1997)[and cases cited therein]; *Sharp Electronics Corp. v. Deutsche Financial Services Corp.*, 222 B.R. 259 (Bankr.D.Md. 1998) [collecting cases]. "Because Section 1452 allows only for the removal of causes *to* the district court, it would seem on its face to have no potential for removing causes that are already pending in the district court." *Thomas Steel* at 19.

The debtor/defendant argues that this court should assert jurisdiction over the *qui tam* action because it is at the center of the other disputes between the plaintiffs and the debtor/defendant. This argument is largely couched in terms of equity.

It is true that there are other disputes between the parties. For example, the plaintiffs filed a proof of claim to which the debtor/defendant has objected. The debtor/defendant has also filed a counterclaim against the plaintiffs. Those disputes are presently pending before the court in a separate adversary proceeding, Adversary No. 02–476. There is also a separate adversary proceeding pending as between the debtor and the United States, Adversary No. 02–636. All of these disputes involve overlapping facts.

Nothing about these other disputes and adversary proceedings, however, says anything about whether this court may exercise the district court's jurisdiction over the *qui tam* action. No amount of equity can confer the district court's jurisdiction on this court in these circumstances. Only an order of the district court can refer the matter here.

For these reasons, the court finds these arguments of the debtor/defendant to be unpersuasive. In these circumstances, the debtor/defendant's filing of the notice of removal was a legal nullity and is of no legal force or effect. The court should, therefore, strike the notice of removal.

The debtor/defendant also argues that it prepared and filed its notice of removal in the alternative:

12. In the event that the Bankruptcy Court and the District Court deem another procedural vehicle to be preferable to the applicable removal statutes in order to effectuate the District Court's Order of General Reference as it apples to the Qui Tam Action, then the Debtor alternatively requests such relief.

(Document No. 1).

■ Thus, it appears the debtor/defendant alternatively seeks an order of the district court specifically referring the *qui tam* action to the bankruptcy court pursuant to the provisions of 28 U.S.C. § 157(a). Only the district court, however, can order that relief. This court cannot do so.

The plaintiffs argue that the court must dismiss or remand the proceeding because the debtor/defendants failed to serve a copy of the notice on the United States, which they claim is a necessary and indispensable party, as required by F.R.B.P. 9027.

If the United States is a necessary and indispensable party, it would appear that the debtor/defendant could easily cure the deficiency that the plaintiffs point out. In view of the court's conclusions as to the other arguments, however, the court is not required to rule on this point.

### IV.

For the foregoing reasons, the court hereby strikes the debtor/defendant's notice of removal. Unless or until the district court refers the matter here, this court has no jurisdiction over the *qui tam* action. This court's order, therefore, says nothing about the merits of the *qui tam* action. Similarly, nothing in this order is intended to preclude or prevent the debtor/defendant from seeking such relief from the district court.

The court also directs the clerk to close this adversary proceeding file.