[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15685
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80058-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RIOLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 6, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Michael Riolo appeals his convictions and sentences for five counts of mail fraud. Riolo argues on appeal that his guilty plea is invalid for two reasons. First, he asserts that the government breached his plea agreement by not following through on a promise that he would be sentenced based on an offense level of 30 under the Sentencing Guidelines. Second, he states that he was not given sufficient time to review the factual proffer, and was misadvised by defense counsel that certain false statements in the proffer were not material. Riolo also contends that the portion of his appeal waiver prohibiting him from collaterally attacking his sentence through a 28 U.S.C. § 2255 motion is invalid because the district court did not question him regarding that portion of the waiver, and it is not manifestly clear from the record that he understood it. Finally, Riolo argues that the district court lacked jurisdiction to order restitution because he filed a notice of appeal prior to the entry of the restitution order. For the reasons set forth below, we affirm Riolo's convictions and sentences.

I.

The government filed an information charging Riolo with five counts of mail fraud, in violation of 18 U.S.C. § 1341. Riolo waived his right to an indictment and agreed to plead guilty to all five counts of the information under the terms of a written plea agreement. As part of the plea agreement, the government promised to

recommend a sentence reduction for acceptance of responsibility and to request a sentence "at the low end of the guideline range, as that range is determined by the Court." The written agreement did not contain any provision stating that Riolo would be sentenced based on a particular offense level or a particular guideline range.

Under the plea agreement, Riolo waived his right to appeal his sentence unless he received a sentence greater than the statutory maximum or greater than the advisory guideline range determined by the court. Riolo also waived his right to collaterally attack his sentence through a § 2255 motion. The written agreement included a clause stating that it represented the entire agreement by the parties, and that there were no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all of the parties and counsel.

At a change-of-plea hearing, the district court placed Riolo under oath and cautioned him that any false statements could later be used against him in a prosecution for perjury. Riolo indicated that he had reviewed the plea agreement, had discussed it "fully and completely" with his attorney, and understood all of its terms and provisions. Riolo acknowledged that his guideline range would be determined by the district court at sentencing, and that any recommendations made

3

by the government would not bind the court. He stated that no one had made any promises or representations as to the sentence that he would receive. He also indicated that there were no promises or representations other than those contained in the written plea agreement. The court questioned Riolo concerning the sentence appeal waiver, and Riolo stated that he understood the waiver and was giving up his right to appeal freely and voluntarily. Riolo stated that he had reviewed the factual proffer and had discussed it with counsel. He indicated that all of the facts set forth in the proffer were true and correct The district court accepted Riolo's guilty plea.

At the sentencing hearing, the district court determined that Riolo had a base offense level of 38 and a criminal history category of I, giving him a guideline range of 235-293 months. The court sentenced Riolo to concurrent terms of 240 months' imprisonment with respect to Counts One through Four, and imposed a consecutive 53-month sentence with respect to Count Five, for a total term of 293 months' imprisonment. The court scheduled a hearing on restitution for a later date.

Following the sentencing hearing, but before the scheduled restitution hearing, the district court entered a final judgment. Riolo then filed a notice of appeal. The district court subsequently held the restitution hearing, and ordered

Riolo to pay $16,657,056.54 in restitution. The court entered an amended judgment reflecting its determination of restitution. Riolo filed a second notice of appeal with respect to the amended judgment.

## II.

In the proceedings below, Riolo did not argue that the government breached his plea agreement, nor did he assert that he did not have sufficient time to review the factual proffer or that the factual proffer contained inaccurate information. Therefore, we are reviewing only for plain error. *See United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008) (unpreserved claim that government breached a plea agreement is reviewed for plain error); *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (claim involving asserted Fed.R.Crim.P. 11 violation is reviewed for plain error where not raised below). "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *De La Garza*, 516 F.3d at 1269.

The government must carry out any material promises that it makes as part of a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Before accepting a defendant's guilty plea, the district court "must determine that there is a factual basis for the plea."

5

Fed.R.Crim.P. 11(b)(3). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show that his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

In this case, Riolo has not shown that the government breached his plea agreement. Although he contends that the government promised him an offense level of 30, the record does not contain any evidence of such an agreement. Moreover, Riolo stated under oath at the plea colloquy that he had reviewed the written plea agreement and that the government had not made any promises or representations other than those contained in the written agreement. He also indicated that no one had made any promises or representations with respect to his sentence. Thus, Riolo's own sworn statements contradict his assertion that the government promised him an offense level of 30.

In addition, Riolo has not shown plain error with respect to his factual proffer. During the plea colloquy, Riolo acknowledged that he read the factual proffer "fully and completely," discussed it with his attorney, and understood all the facts set forth therein. He agreed that all of the information in the factual

6

proffer was true and correct.  Thus, Riolo's arguments concerning the proffer contradict his own sworn statements at the change-of-plea hearing.  Riolo has not met his "heavy burden" of showing that his sworn statements were false.  *See Rogers*, 848 F.2d at 168.  Accordingly, Riolo has failed to establish plain error with respect to his guilty plea.

## III.

Whether a defendant effectively waived his right to appeal his sentence is a question of law that we review *de novo*.  *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993).  A sentence appeal waiver is valid and enforceable so long as it was knowingly and voluntarily made.  *Id.* at 1350.  In order to establish that an appeal waiver was knowing and voluntary, "the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."  *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

We agree with the government that it would be premature to address the validity of Riolo's collateral attack waiver in the context of this direct appeal.  The question of whether the collateral waiver applies depends on the issues that Riolo wishes to raise in a 28 U.S.C. § 2255 motion.  For example, the waiver would

prevent Riolo from raising a claim of ineffective assistance of counsel at sentencing, but it would not necessarily bar a claim that counsel was ineffective in advising Riolo concerning the consequences of pleading guilty. *See Williams v. United States*, 396 F.3d 1340, 1342, n.2 (11th Cir. 2005) (holding that a collateral sentence waiver precludes a defendant from arguing that counsel rendered ineffective assistance during sentencing, but declining to reach the issue of whether a collateral waiver would bar a claim of ineffective assistance in entering or negotiating a guilty plea). Because it is unclear what claims Riolo intends to bring in a § 2255 motion, we will not resolve this issue on direct appeal.

IV.

Although the government suggests that Riolo's sentence appeal waiver precludes him from arguing that the district court lacked jurisdiction to order restitution, we have an obligation to consider, *sua sponte*, whether the district court properly exercised jurisdiction over a case. *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1272-73 (11th Cir. 2010). Therefore, we will consider the merits of Riolo's jurisdictional argument. We review jurisdictional issues *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Generally, the filing of a notice of appeal deprives a district court of

8

jurisdiction over all of the issues involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). Nevertheless, a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction. *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (*en banc*), *superseded by statute on other grounds as recognized in United States v. Martinez,* 763 F.2d 1297, 1308, n. 11 (11th Cir. 1985).

We have explained that a district court retains jurisdiction to order restitution even if the defendant files a notice of appeal prior to the restitution hearing. *United States v. Kapelushnik*, 306 F.3d 1090, 1093-94 (11th Cir. 2002). In *Kapelushnik*, the district court entered a final judgment following sentencing, but scheduled a separate restitution hearing for a later date, pursuant to 18 U.S.C. § 3664(d)(5). *Id.* at 1093. Prior to the restitution hearing, the government filed a notice of appeal. *Id.* The district court, believing that the notice of appeal divested it of jurisdiction over the case, did not enter a restitution order within the 90-day period prescribed by statute. *Id.* at 1094.

We concluded that the government's notice of appeal did not, in fact, preclude the district court from ordering restitution. *Kapelushnik*, 306 F.3d at 1094. We explained that the defendants' convictions only became final after the

9

90-day period for ordering restitution expired.  *Id.*  Therefore, the government's notice of appeal was a premature appeal of a non-final order that did not divest the district court of jurisdiction.  *Id.*

Here, Riolo's conviction did not become final until the district court issued the restitution order.  *See Kapelushnik*, 306 F.3d at 1094.  Thus, Riolo's first notice of appeal, filed prior to the restitution hearing, was a premature appeal of a non-final order, and, as such, it did not deprive the district court of jurisdiction.  *See Hitchmon*, 602 F.2d at 694.  Therefore, the district court retained jurisdiction to enter the restitution order.

Accordingly, we affirm Riolo's convictions and sentences.

**AFFIRMED.**