LMRT ASSOCIATES, LC, Plaintiff,

v.

MB AIRMONT FARMS, LLC, et al., Defendants.

No. 1:11cv20.

United States District Court, E.D. Virginia, Alexandria Division.

April 18, 2011.

---

Robert Joseph Stoney, Blankingship & Keith PC, Fairfax, VA, for Plaintiff.

Jennifer Larkin Kneeland, Linowes & Blocher LLP, Bethesda, MD, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

At issue in this breach of contract matter is the propriety of a purported "notice of removal" pursuant to 28 U.S.C. § 1452 filed by defendant MB Airmont Farms, LLC ("MB"), in which MB declares this matter "removed" to the United States Bankruptcy Court for the District of Maryland. For the reasons that follow, although it seems clear that the statute does not permit the removal MB has sought to accomplish, it is appropriate to allow the United States Bankruptcy Court for the District of Maryland to decide whether to remand the case.

■ Plaintiff LMRT Associates, LC ("LMRT") brought this action on January 7, 2011 against three defendants: (i) MB, (ii) Robert Mitchell, and (iii) Mitchell & Best Homebuilders, LLC. The complaint alleges that defendants breached the terms of an agreement with LMRT concerning the purchase of various financial instruments, for which LMRT seeks damages and a declaratory judgment establishing the amounts due and defendants' obligations with respect to the instruments. On February 2, defendants answered, filed counterclaims against LMRT, and moved for a more definite statement of LMRT's claims. On February 11, MB amended its counterclaims. Thereafter, LMRT moved to dismiss the amended counterclaims pursuant to Rule 12(b)(6), Fed.R.Civ.P. Both MB's motion for a more definite statement and LMRT's motion to dismiss the counterclaims are still pending. Then, on March 11, 2011, the case took a startling turn: MB, without advance judicial notice or approval, abruptly filed a "Notice of

Removal" indicating that this matter has been "removed" to the United States Bankruptcy Court for the District of Maryland pursuant to 28 U.S.C. § 1452. Yet, there is substantial doubt whether this removal notice is effective to accomplish what it purports to do, namely an extrajudicial transfer of a diversity action from one district to another. Simply put, the invoking of § 1452 to accomplish an extrajudicial cross-district transfer is much like using a shovel to transport ten tons of coal ten miles: § 1452, like the shovel, is not designed for or equal to the task at hand. A careful parsing of § 1452's language confirms this conclusion.

■ Section 1452 states, in pertinent part, as follows:

A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

*Id.* Significantly, the statute uses the term "remove" and nowhere does it mention "transfer." These are terms of art in the law. "Remove" is well understood to refer to moving a case from a state court to a federal court for the federal district in which the state court is located.[1] *See* 28 U.S.C. § 1441(a) (general removal statute); *see also* "Removal," Black's Law Dictionary (9th ed. 2009) (defining "removal" as "[t]he transfer of an action from state to federal court"). Although this removal is

accomplished without prior judicial approval, post-removal judicial scrutiny is available, and the matter may be remanded if the removal is improper. *See* 28 U.S.C. § 1441(c) (permitting the federal district court in its discretion to remand those "matters in which State law predominates"); 28 U.S.C. § 1447(c) (providing for a motion to remand for, *inter alia,* lack of federal court jurisdiction). The term "transfer," by contrast, is well understood and used in the federal law context to refer to moving a case from one federal district to another, with the transferee court typically in another federal district from the transferor court. Unlike removal, the transfer process requires prior judicial review and approval. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

In sum, it is quite clear that Congress uses the terms "removal" and "transfer" to connote markedly different processes. A "removal" operates only within a federal district to move a matter either from a state court to the federal court in the federal district where the state court is located, or from a bankruptcy court to the district court of which the bankruptcy court is a part.[2] Plainly, MB did not want a removal. A "transfer," which is what MB hoped to accomplish here, must meet certain criteria and cannot occur without the transferor district court's review and approval. It follows that MB's attempt to

---

1. The term "removal" is also frequently used to describe the process of bringing a case from an inferior court to a superior court in the same judicial system, such as the removal of a case in a Virginia small claims court to the general district court in the same municipality. *See* Va.Code Ann. § 16.1–122.4 (providing for a defendant's right of removal in small claims court cases).

2. Courts have also surmised that § 1452 contemplates removal from special federal courts, such as the Court of Federal Claims and the Court of Appeals for Veterans Claims, to federal district court. *See Los Angeles Home–Owners Aid,* 2005 WL 1140649 at *1, 2005 U.S. Dist. LEXIS 12189 at *3; *Mitchell,* 206 B.R. at 211.

invoke § 1452 to transfer the case to the District of Maryland fails; like using the shovel to move ten tons of coal ten miles, it is the wrong device for the task. Instead, MB should research whether there is a good faith basis to seek a § 1404(a) transfer and, if so, seek such a transfer pursuant to that statute.[3]

But there is more; there is additional evidence in the text of § 1452 that confirms it is the wrong device for the task. Thus, § 1452 explicitly states that cases may be removed to "the district where *such civil action is pending.*" *Id.* (emphasis added). This language indicates that matters may only be removed under § 1452 to the district court in the same district in which the removed claim or cause of action was filed. 28 U.S.C. § 1452 (emphasis added). The removal of a case filed in the Eastern District of

Virginia to the United States Bankruptcy Court for the District of Maryland falls well outside the permissible bounds for removal under the statute.

The pertinent case law—scant as it is—supports this conclusion. First, the great majority of published cases addressing removal under § 1452 involve matters removed from state court to federal court.[4] And significantly, courts that have considered the issue presented here, namely whether a case may be removed from one district court to a bankruptcy court in another district, have firmly rejected such removals.[5] Finally, and perhaps most significantly, no case has been found in which a court has approved the type of removal attempted here.

Accordingly, the removal appears to be flatly impermissible.[6] MB should have

---

3. For a thorough listing of the criteria for transfer and the associated case law, see Annotation, *Questions as to convenience and justice of transfer under forum non conveniens provision of Judicial Code (28 U.S.C. § 1404(a)),* 1 A.L.R. Fed. 15 (2010); see also C.P. Jhong, Annotation, *Construction and application of change of venue or transfer provision of judicial code (28 U.S.C.A. § 1404(a)), apart from questions of convenience and justice of transfer,* 7 A.L.R. Fed. 9 (2010).

4. See, e.g., *Los Angeles Home–Owners Aid Inc. v. Lundahl,* 2005 WL 1140649, 2005 U.S. Dist. LEXIS 12189 (D.Idaho May 13, 2005) (noting that "[t]he great majority of actions removed to federal district court are removed from state court," including actions removed under § 1452); *Things Remembered v. Petrarca,* 516 U.S. 124, 126, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (a case in which certain underlying matters had been removed from an Ohio state court to the federal court for the Northern District of Ohio).

5. See, e.g., *In re Gross Metal Prods.,* 1997 WL 778756, 1997 Bankr.LEXIS 2041 (Bankr. E.D.Pa. Dec. 16, 1997) (remanding a case purportedly removed pursuant to § 1452 from the United States District Court for the District of Arizona to the United States Bankruptcy Court for the Eastern District of Penn-

sylvania); *Los Angeles Home–Owners Aid,* 2005 WL 1140649, 2005 U.S. Dist. LEXIS 12189 (rejecting the tiling of purportedly "removed" cases from district courts in California and Utah to the United States Bankruptcy Court for the District of Idaho).

6. Additionally, the removal of a case from this district to the United States Bankruptcy Court for the District of Maryland presents a second question, namely whether § 1452 permits removal of a case directly to the bankruptcy court rather than removing a case to the district court initially, which court may then refer the matter to its bankruptcy court. A majority of courts have concluded that direct removal to the bankruptcy court is permissible because, *inter alia,* the bankruptcy court constitutes a "unit" of the district court, such that removal of a claim or cause of action directly to the bankruptcy court is the "functional equivalent" of removal to the district court. *See, e.g., In re Coastal Plains, Inc.,* 338 B.R. 703, 711 (N.D.Tex.2006) (citing 28 U.S.C. § 151); *see also In re Donoho,* 402 B.R. 687, 692 (Bankr.E.D.Va.2009) (collecting cases). On the other hand, a minority of courts have adopted a plain reading of § 1452 and held that because the statute only references removal "to the district court," removal directly to the bankruptcy court is not con-

moved to transfer this matter pursuant to 28 U.S.C. § 1404, and a transfer of the case to Maryland would have occurred if MB were able to bear the burden to justify transfer as the statute requires. MB's attempt to transfer this case unilaterally by styling the transfer as a "removal" is a circumvention of the statutory limits on judicial transfer given in § 1404.

■■■ The final issue to be addressed is how this matter should now proceed. In general, a notice of removal, like the filing of an appeal, deprives the district court of jurisdiction. *See, e.g.,* Rule 9027(c), Fed. R. Bankr.P. (noting that once a notice of removal is filed, the parties "shall proceed no further in that court unless and until the claim or cause of action is remanded"); *see also Levin v. Alms & Assocs.,* 634 F.3d 260 (4th Cir.2011) (noting that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). But, this is not, and cannot be, an invariable rule, for were it so, consider how disruptive a removal or appeal might be in the midst of a hearing or trial. Thus, clearly improper removals and notices of appeal cannot be effective to deprive a district court of jurisdiction.[7] In this case, however, is it preferable, as a matter of comity, to allow the United States Bankruptcy Court for the District of Maryland to review this matter and to determine whether remand is appropriate. If that court determines that the removal was improper, the matter should be promptly remanded to this district to avoid further delay. If that court decides otherwise, it may be necessary to consider this matter further, but that bridge need not be crossed until we come to it.

Accordingly, and for good cause.

It is further **ORDERED** that the parties are **DIRECTED** to bring this matter to the prompt attention of the bankruptcy judge hearing the removed matter in the United States Bankruptcy Court for the District of Maryland so that the issue of remand may be promptly considered, and to advise this Court promptly of the status of the case following the bankruptcy court's determination.

The Clerk is directed to send a copy of this Order to all counsel of record, to the Clerk of United States Bankruptcy Court for the District of Maryland, and to place this matter among the ended causes.

templated or permitted. *See, e.g., In re Mitchell,* 206 B.R. 204, 209–10 (Bankr.C.D.Cal. 1997); *Hamilton v. Am. Corrective Counseling Servs.,* 2009 WL 973447, 2009 U.S. Dist. LEXIS 30753 (N.D.Ind. Apr. 8, 2009) (collecting cases). The minority view appears to be the correct one. as it follows the text of the statute most closely; it is the text of the statute, after all, that must drive the analysis. *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose"). In any event, the more signif-icant problem presented by MB's notice of removal here is the attempt to remove the case from one district to another.

7. Indeed, it is well recognized that filing a notice of appeal to a non-appealable order does not deprive the district court of jurisdiction. *United States v. Riolo,* 398 Fed.Appx. 568, 571 (11th Cir.2010); *Nascimento v. Dummer,* 508 F.3d 905, 910 (9th Cir.2007); *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.,* 198 F.3d 391, 394 (3d Cir. 1999); *United States v. Rodgers,* 101 F.3d 247, 251–52 (2d Cir.1996).